## DONAHUE v. RAILROAD COMPANY.

1. A complaint which alleges the killing of plaintiff's intestate, a street car driver, by a vicious horse negligently furnished to intestate by his master, the defendant company, is not demurrable for failing to allege that intestate had no knowledge or means of knowing of the dangerous character of such horse.

2. In action by a servant against his master for injury done to the servant by a dangerous agency furnished by the master, knowledge, or means

of knowledge, by the servant of this danger, would be contributory negligence on the part of the servant, and this is an affirmative defence.

Before WITHERSPOON, J., Charleston, March, 1889.

Action by Mary Donahue, as administratrix of John H. Donahue, deceased, against The Enterprise Railroad Company, a street car line of the city of Charleston, commenced in August, 1888. The opinion states the case.

*Messrs. Barker, Gilliland & Fitzsimons*, for appellant, *cited* Code, §§ 163, 165; 18 *S. C.*, 471; 16 *Id.*, 392; 20 *Id.*, 463; *Wood M. & S.*, § 414; *Black Pr. & Pl.*, § 21; 77 *Am. Dec.*, 212; 117 *Ind.*, 265; 38 *Am. & Eng. R. R. Cas.*, 222; 28 *Id.*, 323; 5 *Ohio St.*, 568; 106 *Mass.*, 282; 8 *S. E. Rep.*, 68; 9 *Id.*, 1082; 3 *H. & N.*, 258; 3 *M. & W.*, 1; 27 *S. C.*, 75; 21 *Id.*, 547; 26 *Id.*, 490; 1 *Macph.*, 407; 29 *S. C.*, 589.

*Messrs. Mitchell & Smith* and *W. H. Parker, jr.*, contra, *cited* 27 *S. C.*, 1; 21 *Id.*, 497; 23 *Id.*, 529; 25 *Id.*, 451; 116 *U. S.*, 648; 15 *Wall.*, 401; 19 *S. C.*, 24; 18 *Id.*, 281; 100 *U. S.*, 224; 3 *Sawyer*, 446; 6 *S. E. Rep.*, 53; 33 *N. W. Rep.*, 629; 18 *Atl. Rep.*, 334; 22 *N. E. Rep.*, 397; 23 *Fed. Rep.*, 72; 9 *S. E. Rep.*, 1016.

March 18, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. As the question presented by this appeal arises under a demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, it is necessary to set forth so much of the complaint as is pertinent to this inquiry. The first, second, third, fifth, and sixth paragraphs need not be considered, as the allegations therein contained do not relate to the question which we are called upon to consider. The fourth paragraph is as follows: "That at the time of his death, the said John H. Donahue was employed by the defendant as a driver of one of their street cars on the line of their railroad in the city of Charleston; that defendant at said time, to wit, 24th May, 1887, carelessly, negligently, and unlawfully furnished to said John H. Donahue, to be driven by him, and

ordered and directed him to drive, in one of their street cars as aforesaid, a vicious, unruly, and unmanageable horse, wholly unfit for the purposes of a street railroad car horse, and so known to be to said defendant; and while in performance of his duties as aforesaid, driving said horse in a street car, under the orders and directions of the defendant, the said John H. Donahue was, then and there, in the city of Charleston, on the 24th May, 1887, by said vicious, unruly, and unmanageable horse, kicked, struck, and injured, so that he then and there died from the effects of such kicking, striking, and injuring."

The defect in the complaint, relied upon to sustain the demurrer, was that it contained no allegation that the intestate did not know, or did not have the means of knowing, equally with the defendant, that the horse was a vicious, unruly, and unmanageable animal. The Circuit Judge overruled the demurrer, and the defendant appeals upon the several grounds set out in the record, which, although stated in various forms, substantially make the single question, whether the omission to allege that the intestate did not know, or did not have the means of knowing equally with defendant, the dangerous character of the animal, is fatal to the complaint on demurrer.

There can be no doubt that it is the duty of the master to furnish his servant with safe and suitable appliances, to do the work for which he is engaged, and that the neglect of the master to perform this duty renders him liable to the servant for any injury sustained by reason of such neglect. *Gunter* v. *Graniteville Manufacturing Co.*, 18 S. C., 262. It would seem, therefore, that when a servant, who brings his action against his master to recover damages for injuries sustained by him, and states in his complaint that such injuries have resulted from the negligence of the master in failing to supply him with safe and suitable appliances to perform the work which he was engaged to do, he has stated a good cause of action; for he has alleged that he has been injured, and that the injury resulted from the default of the master in the performance of his acknowledged duty, and it is difficult to conceive what more could be required. As a test, suppose this case had gone to the jury, and the plaintiff had proved all of the allegations of her complaint, and nothing more had appeared,

we do not see how it could be doubted that she would have been entitled to recover.

But it is urged, that while the rule, as above stated, is well settled, yet it is equally well settled, that where a servant knows, or ought to know, the unfit and dangerous character of the agency or appliances necessary for him to use in the performance of the work for which he is engaged, and. nevertheless, continues to use such agency or appliance. he voluntarily assumes the risks incident to such use, and if injury results, he cannot recover; and hence, it is argued, that, in an action like the one now under consideration, it is necessary for him to allege want of knowledge or means of knowledge. While the rule, as thus stated, may be admitted to be correct, we do not think it by any means follows that the inference claimed to flow from it can be drawn from the rule. Ignorance on the part of the servant of the dangerous character of the agency which he is called upon to use, constitutes no part of his cause of action for an injury sustained in the use of such agency. It is no part of his duty to exercise due care and diligence in ascertaining whether the agencies furnished him by the master are safe and suitable. That is the duty of the master, and not of the servant. *Lasure* v. *Graniteville Manufacturing Co.*, 18 S. C., 281.

It cannot, therefore, be necessary for the servant either to allege or prove that he did not know, or did not have the means of knowing, that the agency which he was called upon to use was unfit or unsafe, as it is the duty of the master, and not of the servant, to look after that matter; and hence his want of knowledge does not constitute any part of his cause of action. It is true, that where it is shown, by way of defence, that the servant either knew, or ought to have known, the dangerous character of the agency which he was called upon to use, and still voluntarily continued to use it, his action may be defeated; but that is upon the ground that he has, by his own negligence, contributed to the injury of which he complains. And it is well settled, in this State, at least, that contributory negligence is an affirmative defence. *Carter* v. *Railroad Co.*, 19 S. C., 20; *Crouch* v. *Railway Co.*, 21 *Id.*, 495; *Darwin* v. *Railroad Co.*, 23 *Id.*, 531.

It follows, necessarily, that it is not necessary to negative such negligence in the complaint.

While it is true that the precise question which we are now called upon to consider has never, so far as we are informed, been authoritatively decided in this State, yet we think that the conclusion which we have reached follows necessarily from what has been decided. To adopt the language of Mr. Justice McGowan, in Crouch's Case, *supra*, we think that, in cases of this kind, "the conduct of the plaintiff is not a necessary element in his cause of action, and to be alleged by him, but a defence to be alleged and proved by the defendant. * * * We think it follows, from the *onus* of proof being on the defendant, that it is not necessary for the plaintiff to make the allegation of due care in his complaint, and thus anticipate the defence."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.