BAMBERG v. ATLANTIC COAST LINE R. R.

1. RAILROADS—NEGLIGENCE—LOOK AND LISTEN—PLEADINGS—PRESUMPTIONS.—The Courts will not presume that one about to cross a railway track is always aware by sight or hearing of the approach of a train and it is not necessary for a plaintiff in bringing an action for injuries received while crossing a railway track to allege that he did not hear or see the approaching train.

2. IBID.—IBID.—IBID.—JURY.—Where it appears beyond controversy that a failure to stop, look and listen was a proximate cause of an injury, the Courts will hold such failure to be contributory negligence as a matter of law. But ordinarily it is for jury to say whether an attempt to cross without these precautions is negligence.

3. IBID.—IBID.—SIGNALS.—The Courts will not hold as matter of law that signals were given at a railroad crossing passed over an interlocking switch, which according to rules of company would not be opened except for certain signals, where there is evidence tending to show that such signals were not given.

4. IBID.—SIGNALS—CHARGE.—There being no request to charge that plaintiff was not injured at a traveled place and that the signalling statutes had no application, failure to so charge cannot be imputed as reversible error.

5. IBID.—IBID.—NEGLIGENCE.—It is negligence at common law for a railroad company to fail to give warning of the approach of a train toward a public place if a prudent railroad company would give warning on such approach.

Before KLUGH, J., Barnwell, November term, 1904.   Affirmed.

Action by Mary A. Bamberg and her husband, C. T. Bamberg, against Atlantic Coast Line Railroad Co. From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Barron* and *Robt. Aldrich,* for appellant, cite: *Complaint showing contributory negligence, demurrer should have been sustained:* 58 S. C., 495; 56 S. C., 95. *Plaintiff should not recover because of voluntary exposure to unnecessary danger:* 46 S. C., 547; 34 S. C., 300. *Plaintiff was not using crossing and hence not entitled to signals:* 33 S. C., 136; 34 S. C., 298, 450; 29 S. C., 318; 38 S. C., 298; 23 S. C., 555; 57 S. C., 243; 64 S. C., 24; 63 S. C., 282.

*Messrs. Bates & Simms,* contra, cite: *A complaint is not demurrable unless contributory negligence is conclusively shown by the facts alleged:* 58 S. C., 491; 64 S. C., 561; 69 S. C., 479. *The place of the accident is a traveled place and signals should have been given:* 59 S. C., 433; 29 S. C., 303; 53 S. C., 121; 58 S. C., 223; 52 S. C., 323; 47 S. C., 105, 375; 59 S. C., 87. *There being no request to charge as to application of signaling statutes, failure to so charge is not error:* 58 S. C., 222; 59 S. C., 162; 62 S. C., 546.

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, in going from her home in the town of Denmark to the defendant's passenger station, undertook to cross the railroad track at a point very near the station, and was struck by the locomotive of the train she intended to take as a passenger. For the injuries resulting she recovered judgment.

The first exception charges error in the refusal of the Circuit Court to sustain the demurrer interposed on the

ground that the complaint failed to state facts sufficient to constitute a cause of action, because, as defendant insists, "the facts as stated in the complaint show that the plaintiff's injuries were due to her own negligence in attempting to cross the railroad track in front of a moving train and in such close proximity thereto, as to render it impossible for her to do so without being struck by the engine." It is alleged in the second paragraph of the complaint that the plaintiff, intending to become a passenger, was approaching the station from her home in "the only way provided by said railroad for passengers in her neighborhood to reach the said depot, and which way was that adopted by the public by the consent or acquiescence of the defendant for passengers in approaching defendant's depot from said neighborhood." In the third paragraph the complaint continues: "That after walking a short while, said plaintiff reached the point where the defendant's side track, commonly known as the 'House Track,' ran into the main track, and the plaintiff, as usual with passengers, undertook to cross the main track from the thoroughfare and traveled place upon which she had been walking as aforesaid, in order to reach the other thoroughfare and traveled place between the main track and said 'House Track,' and the only way provided by the said defendant for passengers as aforesaid to reach the depot, when to plaintiff's surprise and horror, and without warning on the part of the defendant, and without the ringing of the bell or the blowing of the whistle, the locomotive of defendant's said passenger train, under the control of defendant's agents and servants, wilfully, negligently, recklessly, and wantonly struck her," etc. The distinct point made by defendant is, that while negligence is alleged against those in charge of the train, there is no allegation that the plaintiff did not see or hear the train, and being in the possession of her senses, it must be presumed as a matter of law the plaintiff did hear and see it, and will be held guilty of contributory negligence in attempting to cross the track in front of it. This position is untenable.

If the courts could presume that one about to cross a railroad track would always be aware by sight or hearing of the approach of a train without the blowing of a whistle or the ringing of a bell, it would be quite unnecessary to require these signals. The plaintiff having set out negligent acts of the defendant, which she alleged caused the injury, it was not necessary for her to anticipate the affirmative defense of contributory negligence by denying that she heard or saw the approaching train.　*Donahue* v. *R. R. Co.,* 32 S. C., 299, 11 S. E., 95.

The defendant next insists the motion for nonsuit should have been granted because contributory negligence was conclusively shown by the failure of the plaintiff to look and listen before attempting to cross the track. No doubt the failure to look and listen immediately before going on a railroad track under some circumstances would be held to admit of no other inference than that the person injured was guilty of contributory negligence, and in such cases the Court would grant a nonsuit on the principle announced in *Jarrell* v. *Ry. Co.,* 58 S. C., 491, 36 S. E., 910. But support is not to be found in principle or authority for the proposition that it is contributory negligence, under all circumstances, not to look and listen before attempting to cross a railroad track. The view taken in this State is that it is ordinarily for the jury to say whether the attempt without taking these precautions was negligence.　*Zeigler* v. *R. R. Co.,* 5 S. C., 221; *Edwards* v. *Ry. Co.,* 63 S. C., 271, 41 S. E., 458. The true principle to be deduced from the authorities is well expressed in the following extract from 7 A. & E. Ency. Law, 2 ed., 433, note: "There is no doubt that where it appears beyond controversy that a failure to stop, look, and listen was a proximate cause of an injury, the courts will hold such failure contributory negligence as a matter of law.　*Schofield* v. *Chicago etc. R. Co.,* 114 U. S., 615, 19 Am. & Eng. R. Cas., 353; *Hixson* v. *St. Louis etc. R. Co.,* 80 Mo., 335. But this is a very different matter from holding a failure to stop, look, and listen negligence *per*

*se* sufficient to bar a recovery.   In the one line of cases it is properly held that a failure to stop, look, or listen was negligence, as a matter of law, upon the disputed facts, because ordinary care required the precaution, and the failure to take it was a proximate cause of the injury that followed.   In other words, there is a difference between negligence *per se,* without regard to the surrounding circumstances, and negligence as a matter of law, in view of all the circumstances. And it will be noticed that in most, if not all, the cases, including those in Pennsylvania, where the doctrine that it is negligence *per se,* not to stop, look, and listen, is enunciated, the facts were such that the Court would have been justified in holding that there had been contributory negligence as matter of law, because the failure to stop, look, or listen had been a proximate cause of the injury, which would have been avoided by ordinary care."   Under this statement of the law, the circumstances here do not warrant the Court in saying that the failure of the plaintiff to look and listen immediately before going on the track conclusively proved negligence on her part contributing to her injury as a proximate cause.   Intending to become a passenger, she was using a way of approach to the defendant's station much used by the public.   And in addition there was sufficient testimony to go to the jury as to whether the defendant so acquiesced in the use of this way as to invite its use by the public as an approach to the railway station, and so charge the railroad company with the care due to those who enter under its invitation, under the principles stated in *Jones* v. *Ry. Co.,* 61 S. C., 560, 39 S. E., 758; *Matthews* v. *Ry. Co.,* 67 S. C., 499, 46 S. E., 335.   The plaintiff testified she had already crossed the track thirty or forty yards from the place where she was injured; had there looked for the train, but did not see it; walked rapidly on, and hearing no whistle or bell undertook to cross the second time without looking again. Under this proof it was for the jury to say whether the plaintiff's failure to look and listen constituted contributory negligence.

The defendant insists, however, that the only charge of negligence on the part of the defendant was the failure to give signals of the approach of the train, and the Court must hold, as a matter of law, that the signals were given, because according to the rules of the railroad the interlocking switch which the train had to pass was not to be opened except upon the signal of four blasts of the whistle. This device and regulation of the railroad company may make it extremely probable that the whistle was sounded, yet it is possible that on this occasion the operator of the interlocking switch opened it without the signals. There was some direct testimony to the effect that the signals were not given, and it would, therefore, have been error to have taken the question from the jury.

No request was made to the Circuit Judge to charge there was no evidence that the plaintiff was injured at the crossing of a highway, street, or traveled place, and hence, sections 2132 and 2139 of the Civil Code had no application. The failure, therefore, to pass on that question cannot now be imputed as reversible error. After telling the jury in effect if the injury was not received at a crossing, the statute had no application to the case, the Circuit Judge said: "If a prudent railroad company in approaching by its train a place like that would give warning of the approach of its train, not because the statute requires it to do it, but simply as an act of ordinary prudence and care so as to warn people of the approach of its train in order that they may get out of the way of the danger, then if any railroad company fails to do that which a railroad company of ordinary prudence would do, that is negligence. Not negligence *per se,* under the statute, but negligence simply because of the failure to exercise the care which an ordinarily prudent railroad would exercise." The complaint having stated a cause of action at common law for negligence resulting in injury, in the foregoing charge the Circuit Judge clearly stated the degree of care required of the defendant at common law, regardless of the statute.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*