### BISHOP v. SOUTHERN RY.

1. RAILROADS—SIGNALS—BURDEN OF PROOF—CROSSINGS—NEGLIGENCE.— In action against a railroad for damages for injury at a crossing, after plaintiff proves failure to give statutory signals, the burden of proof is then cast on the railroad to show want of care.

2. IBID.—IBID.—CROSSINGS.—If a person be on a public crossing across a railroad track in a town where a gate is kept which is up and a train approaches without giving statutory signals, and he, in order to avoid a collision, drives down the track, or by fright from letting down the gate, the horse runs down the track, and is overtaken and injured away from the crossing, the railroad is liable as if the accident had happened on the crossing.

Before BENET, J., Greenville, March term, 1901.   Affirmed.

Two cases: (1) J. W. Bishop, and (2) Mary J. and J. W. Bishop against Southern Railway.   From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Signaling statute must be strictly construed:* 41 S. C., 86; 47 S. C., 105, 376;

39 S. C., 517; 58 S. C., 222; 59 S. C., 254; 24 S. C., 366; 33 S. C., 136; 39 S. C., 514; 57 Fed. R., 551; 34 S. C., 292, 451; 41 S. C., 1.

*Messrs. C. J. Hunt* and *B. A. Morgan,* contra, cite : *When it is shown that the railroad company has not given statutory signals, burden is then cast on it to show want of negligence:* 25 S. E. R., 82, 274; 58 S. C., 228; 29 S. C., 303; 25 S. C., 62.

April 16, 1902. The opinion of the Court was delivered by

Mr. Justice Pope. We make this quotation from the case for appeal: "Actions for $1,083 and $1,500, respectively, commenced by the services of summons and complaints on February 9th, 1901. The facts of the two causes are the same, the only difference being that in the first cause the suit is for personal injury and damages to property; in the second, for personal injury only. The injuries and damages complained of were alleged to have been caused by collision with a passenger train of defendant at the Buncombe Road crossing, near the city of Greenville, on the afternoon of December 6th, 1900. Both causes came on to be heard together before his Honor, Judge W. C. Benet, and a jury at the March, 1901, term of the Court of Common Pleas for Greenville County. The jury returned a verdict in the first named cause for $283 and in the second for $1,000, upon which judgments were duly entered. Motions for new trials on the minutes were refused."

After judgment, an appeal was taken on the three following grounds, to wit:

"1. Because his Honor erred in charging the jury as follows: 'The railway company takes upon itself to prove that it was not negligent.' The error being that the burden of proof was upon the plaintiffs to show that the defendant was guilty of negligence.

. "2. Because his Honor erred in modifying the defendant's

fourth request to charge, as follows: 'That is the law, unless you are satisfied from the testimony that that accident, occurred through no wilful act of the plaintiffs themselves, but was the result of their efforts to escape from danger; for if the railroad was negligent in failing to sound the signals, and if plaintiffs in attempting to cross that track discovered themselves in their danger, and if they left the crossing endeavoring to escape from that danger and if they were injured, the railroad company cannot get any comfort from that fact, if fact it be, by the collision taking place not on the crossing, if it is also shown that the parties were on the crossing when they saw the danger and left the crossing to avoid the danger, but did not succeed in escaping the danger.' The error being that the statute was passed for the protection of those injured at a railroad crossing by the engines or cars of the railroad company. It does not afford protection to one whose horse has become frightened and has run upon the railroad track some forty or fifty feet away from the crossing where the collision takes place.

"3. Because his Honor erred in charging the jury as follows: 'So I charge you that if a person finds himself on a crossing and he sees that a collision will occur, and he then and there in order to avoid danger leaves the railroad crossing and is injured beyond the crossing, the mere fact of his not being upon the railroad crossing when injured will not deprive him of the benefit of the signaling statutes; the railroad would be liable unless it shows that the person is guilty of contributory negligence. The error being as set in second above."

We will now pass upon these exceptions in their order: *Exception one.* The words excepted to, "The railway company takes it upon itself to prove that it was not negligent," are a part of this sentence in the Judge's charge to the jury:

"The plaintiffs take upon themselves the proving of their claim, and must do so by the preponderance of the testimony. The burden of proof is upon them to prove before you can find a verdict for them, and the railway

company takes it upon itself to prove that it was not negligent." The charge of the presiding Judge was singularly clear and fair. In it the presiding Judge had again and again read the two sections, 1685 and 1692, of the Revised Statutes of 1893. He had pointed out that it was incumbent upon the plaintiffs to show by their testimony that the defendant railway company had failed to give the statutory signals, either by sounding the whistle or ringing the bell, at least 500 yards before the engine reached the crossing on the highway, street or traveled place where the accident occurred, but laid down the law that when the plaintiffs by their testimony established this, it was negligence *per se,* and transferred the burden of refuting negligence upon the railway company. In declaring the law applicable to this condition, the Circuit Judge followed strictly the cases of *Wragge* v. *R. R. Co.,* 47 S. C., 105; *Strother* v. *R. R. Co.,* 47 S. C., 385; *Edwards* v. *R. R. Co., ante; Davis* v. *R. R. Co., ante.* He had laid down the law governing the plaintiffs, and in using the words objected to, he was intending to point out the duty of the defendant when the force of plaintiffs' testimony should force the defendant to take up its burden of explaining away by its testimony the charge of negligence. This exception, in the light of the charge as a whole, must be overruled.

*Exceptions two and three.* We propose to treat these two exceptions together. The Circuit Judge had just charged, *at the request of the defendant,* that " 'I. One approaching a railroad crossing where gates are kept and lowered on the approach of trains does not have the right to assume when he sees the gates up that no train is approaching, but must exercise such degree of care as an ordinarily prudent man would exercise under similar circumstances, before going on the track. 30 S. E. R., 386.' Court: I charge you that, because while railway companies may place gates at those railway crossings, still when they do erect them, that does not relieve the traveling public of the necessity of exercising care when they come to a railway

crossing. They must exercise due care, and the fact that a gate is shut at a crossing would not relieve the traveling public from listening and looking and sometimes even stopping until the train passes.

" 'II. If the jury believe from the evidence that the gateman lowered the gates within a reasonable time after notice of the approach of the train and in an honest effort to prevent a collision, the defendant cannot be held responsible for the horse taking fright at the lowering of the gates, unless the jury believe from the evidence that in the mind of a person of ordinary prudence, the danger to plaintiff by reason of the lowering of the said gate under the circumstances was greater than the risk of the collision with the train.' Court : I charge that as law.

" 'III. If the jury believe from the evidence that the alleged collision did not take place at a crossing, the plaintiff cannot maintain this action under 1685, 1692 Revised Statutes.' Court : I so charge you."

It will be observed that the modification of the request to charge was especially designed and carefully restricted to a case where a person is *upon the crossing itself* and only suffers himself, in an effort to avoid danger to life, to move off the crossing, in a case where the railroad has failed to give the signals and where the use of a man's senses fails to disclose danger. Within this compass we fail to see that the Circuit Judge erred. It is not the case of Kinard *v.* R. R. Co., 39 S. C., 517, where a man was never on the crossing at any time of the accident. Nor the case of a bystander. But it was the case of a man and his wife trying to cross the railroad over a public highway to whom no statutory signals had been given to warn them of the approach of the train running at least thirty miles an hour—the statutory danger provided against, to wit : a train without signals being given, approaching a crossing upon which there are living human creatures. The negligence of the railroad exists *per se* in such a case, by not giving the statutory signals. In an effort to save the railroad from the dreadful consequences of

a collision, two human creatures a little way from the crossing, as is supposed in his request to charge, are thrown into the air by this railroad train and barely escaped with their lives. The Circuit Judge might very well have refused any charge in response to the fourth request, for he had already made plain the law. The evidence on both sides had been submitted as to the plaintiffs being on the crossing or not at the time of the collision. The jury, at the instance of the defendant, had been carried to the crossing in question, a map or diagram of the crossing in question had been before the jury. The Judge had already charged that unless the collision occurred at a crossing, the plaintiffs could not recover. Still in the charge as made we see no error. These remarks cover both exceptions. They are overruled.

It is the judgment of the Court, that the judgments of the Circuit Court be affirmed.