## BURNS v. SOUTHERN RY.

1. DEMURRER.—When other inferences may be deduced from all the facts alleged in a complaint than that the injury was caused by the gross negligence of the plaintiff, demurrer on that ground is properly overruled.

2. CHARGE—ORDINANCE—REQUEST.—Refusal to charge the request that a town ordinance does not apply to the station yard of defendant is proper, as it would have been a charge on the facts.

3. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—Under the signalling statutes, recovery may be had for injuries occasioned by failure to give required signals, unless the gross negligence of the injured contributes thereto as *the* proximate cause. *
Bowen v. Ry., 58 S. C., 222, affirmed.*

4. PLEADINGS.—If inappropriate allegations are permitted to remain in a pleading, it is proper to consider the issues raised thereby.

5. REHEARING refused.

Before PURDY, J., Oconee, May, 1902.    Affirmed.

Action by W. L. Burns against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Complaint should have been dismissed on demurrer:* 58 S. C., 491; 51 S. C., 301; 52 S. C., 443; 3 Ell. on R. R., 1169; 10 L. R. A., 58; 13 L. R. A., 634; 4 A. & E. R. R. Ca., 72; 9 Id., 876; 86 Mich., 79; 19 A. & E. R. R. Ca., 261; 17 Am. R., 521; 47 At., 447; Beach Con. Neg., sec. 72; 94 Ga., 332; 123 Mo., 445; 67 Vt., 177; 4 Am. Neg. R., 361; 61 Ala., 376; 112 Ind., 592; 2 L. R. A., 725; 41 Kan., 403; 105 Mo., 399; 18 Hun., 192; 2 Rorer R. R., 1130; 97 Ala., 298; 42 N. E., 1125.    *Under signalling statute it is not necessary for defendant to show that plaintiff's gross negligence was a proximate cause of the injury:* 58 S. C., 222; 47 S. C., 105, 376; 39 S. C., 517; 59 S. C., 254; 33 S. C., 136; 61 S. C., 495; 34 S. C., 451; 44 S. C., 1; 34 S. C., 292.    *Matter of blocking street had nothing to do with the case:* 47 S. C., 30.

*Mr. J. R. Earle,* contra, cites: *Instruction as to contributory negligence by plaintiff is correct:* 58 S. C., 226; 88 Va., 648.

February 19, 1903.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages, alleged to have been sustained by the plaintiff through the negligence of the defendant, while attempting to cross between two box cars at Seneca, S. C., on the 6th of April, 1899.    The case was first tried before his Honor, Judge Aldrich, who granted an order of nonsuit, which was reversed by the Supreme Court (61 S. C., 404).    A new trial was had before his Honor, Judge Purdy, and a jury.    The verdict was in favor of the plaintiff for $949.50.

As one of the questions raised by the defendant's exceptions arises out of a demurrer to the complaint, we will set out these allegations that are material in the consideration of that question.    Paragraph I. alleges the corporate existence of the defendant.    Paragraphs II. and III. are as follows:

"II. That on the sixth day of April, 1899, the defendant corporation negligently and unlawfully allowed one of its trains, consisting of a locomotive and a number of freight cars, in charge of its authorized agents, to stop for a considerable and unreasonable time, about twenty minutes, across one of the public streets or crossings or traveled places of the town of Seneca, in the county and State aforesaid, to the great inconvenience and annoyance and violation of the rights of the public, and in violation of ordinances of said town, thus completely blockading the said street or crossing, which leads from the business portion of said town to the passenger landing of the Blue Ridge Railroad across the track of said defendant, during which time the passenger train on the Blue Ridge Railroad had arrived and was due to depart.

"III. That on said day, plaintiff was accompanying and assisting his son off to his command, who had purchased a

ticket, and was to take the Blue Ridge Railroad train at this point; that waiting for a considerable time and no opening being made in said freight train through which persons might pass, and the said passenger train being due to depart, the way being thus blocked for a great distance either way, persons were, therefore, compelled to cross said freight train in going to and from said passenger train by going over the bumpers, and a number of persons did so, the plaintiff's son crossed said train as aforesaid, and plaintiff immediately followed him, attempted to cross said freight train, which was at that time standing motionless across said street or crossing; that while the plaintiff was in the act of crossing between two of said freight cars, without any notice or warning, without the sound of a whistle or the ringing of a bell on said locomotive, the defendant company, through its agents and servants then and there in charge of said train, negligently, recklessly and unlawfully caused said train of cars to move rapidly and suddenly, and thereby caught plaintiff's foot between two of said cars, and so mangled and crushed it as to necessitate its being amputated, all of which was grossly negligent, reckless and unlawful on the part of the said defendant corporation."

Paragraph IV. alleges that he was damaged in the sum of $1,999.

The first exception assigns error as follows: "I. The presiding Judge erred in overruling the defendant's demurrer to the complaint for this reason: The complaint shows that the plaintiff climbed up between two box cars of a train with an engine attached to it, without waiting for it to get out of the way, without applying for it to be removed, without attempting to go around it, and without notice to any one of his intention so to do. These facts show gross contributory negligence on the part of the plaintiff. The Circuit Judge should have so held, and dismissed the complaint on the ground that it did state facts sufficient to constitute a cause of action." When the facts stated in the exception are considered in connection with the other facts

alleged in the complaint, it cannot be said that the only inference to be drawn from them is that the injury was caused by the gross contributory negligence on the part of the plaintiff. The demurrer was, therefore, properly overruled.

The second assignment of error is as follows: "II. The presiding Judge erred in refusing the defendant's second request, which was as follows: 'The ordinance in question (ordinance of the town council of Seneca, S. C.), applies only to places where the public streets of Seneca cross the railroad. It does not apply to the station yard of the defendant at a point between the ticket office and the Blue Ridge landing place, where the public may have been accustomed and allowed to pass, not upon any street of Seneca or upon any extension of any street.' Said request contained a proper construction of said ordinance applicable to the case." His Honor said: "I cannot charge you that just as requested here, but I charge you this: that the ordinance of Seneca, section 20, is as follows: 'That any person or persons obstructing the public crossings with cars, engines or trains longer than ten minutes at a time, shall be deemed guilty of a misdemeanor, and fined or imprisoned at the discretion of the council.' That ordinance has reference to the public crossings of streets by railroads in the town of Seneca. Now, it is not for me to tell you whether this injury occurred within the yard, or whether there is a yard there. It would be charging upon the facts. I can only tell you that under the ordinance of the town of Seneca, it is unlawful for a public crossing to be obstructed for longer than ten minutes at a time. It is for you to say whether this was a public crossing, and whether or not this train obstructed that crossing for a period longer than ten minutes." The reasons assigned by his Honor for not charging the request in its exact language are satisfactory to this Court.

The third, fourth, fifth and sixth exceptions are as follows: "III. The presiding Judge erred in modifying the defendant's third request to charge. The request was as

follows: 'If the jury believe from the evidence that the plaintiff was guilty of gross negligence in the circumstances attending the alleged injury, and that such gross negligence contributed in any way to the accident in the sense of having any share or agency in bringing it about, the plaintiff is not entitled to any damages.' The modification was as follows: 'That if the plaintiff was guilty of gross negligence which contributed to the injury, in the sense of being the proximate cause of the injury, he cannot recover.' The error being: (a) This Court has held (*Wragge* v. *Ry. Co.,* 47 S. C., 105), that the defendant's neglect to give the statutory signals need not be the proximate cause of the disaster, but have construed the word 'contributed' in connection with the defendant's negligence to mean having any share or agency in bringing about the result. The same word is used in the same section in connection with the plaintiff's gross negligence, and should receive the same construction. (b) Even if the plaintiff's gross negligence must have been a proximate cause of the disaster, it was error to hold that it must have been the proximate cause.

"IV. The presiding Judge erred in modifying the defendant's fifth request to charge. The request was as follows: 'In an action under the statute (sections 1685 and 1692, Revised St., 1893), it is not required of the defendant to show that the gross negligence of the plaintiff was a proximate cause of the disaster; it is sufficient under the statute to relieve the defendant from liability, if the plaintiff's gross negligence is shown to have had any share or agency in bringing about the disaster.' The modification was as follows: 'If the plaintiff himself was guilty of gross negligence which was the proximate cause of bringing about the injury, he cannot recover. The errors being the same as pointed out in exception III.'

"V. The presiding Judge erred in charging the jury as follows: 'If you believe that he himself (the plaintiff) was guilty of gross negligence, and that such gross negligence

was the proximate cause of this injury, then you cannot give him a cent.' The errors being the same as pointed out in exception III.

"VI. The presiding Judge erred in charging the jury as follows: 'If you find that the defendant railroad company was negligent, was guilty of negligence, and that the plaintiff was guilty of gross negligence himself, and that such gross negligence was the proximate cause of the injury, then you must find for the defendant.' The errors being the same as pointed out in exception III."

It is true, the requests conformed to the principle announced in *Wragge* v. *Ry. Co.,* 47 S. C., 105, 25 S. E. R., 76, but a different rule is laid down in the case of *Bowen* v. *Ry. Co.,* 58 S. C., 222, 36 S. E. R., 590, which is subsequent to the case of *Wragge* v. *Ry. Co.,* and in which the member of the Court who wrote the opinion in *Wragge* v. *Ry. Co.* concurred. The appellant's attorney was, however, granted permission to review the case of *Bowen* v. *Ry. Co.,* in which the Court says: "When the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof. Contributory negligence is thus defined in 7 Enc. (2d ed.), 371: 'Contributory negligence is a want of ordinary care upon the part of a person injured, by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.' " This Court, after mature deliberation, has determined to adhere to the rule stated in *Bowen* v. *Ry. Co.,* for otherwise there would be no legal test for the guidance of the jury in determining whether the act of the party contributed to the injury.

The seventh exception is as follows: "VII. The presiding Judge erred in refusing the defendant's seventh request, which was as follows: 'This being an action under the statute (by my order and plaintiff's election), I charge you not to consider the question of alleged violation of the ordinance of Seneca relating to blockading public

crossings.' Plaintiff having elected to proceed under the statute upon a specific act of negligence, should have been confined thereto." His Honor said: "I have to refuse that request for the reason that it was made an issue in the case." After the plaintiff made his election to proceed under the statute, it was the duty of the defendant to make a motion to strike out of the complaint any allegations which it deemed were inappropriate to such an action, and having allowed them to remain in the complaint, it could not object to their consideration.

The eighth exception is as follows: "VIII. The presiding Judge erred in charging the jury as follows: 'The charge here is that the defendant negligently and unlawfully allowed one of its trains * * * to block one of the streets of the town of Seneca.' After the plaintiff had elected to proceed under the statute, the alleged unlawful blocking of the street had nothing to do with the case." This exception is disposed of by what was said in considering the seventh exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Petition for rehearing refused in formal order filed March 7th, 1903.