7356

## LEE v. NORTHWESTERN R. R. CO.

1. CHARGE—CROSSING SIGNALS.—An instruction that "where a person is injured at a point where a railroad crosses a public highway and the statutory signals are not given, the burden is on the defendant to show the injured person knew of the approach in time to avoid the collision," is the statement of a legal proposition and not a charge on the facts.

2. RAILROADS—SIGNALS.—Where the evidence is conflicting on the issue whether signals were given at a railroad crossing, the Judge should instruct the jury as to the common law applicable as well as the statutory law.

3. IBID.—IBID.—One injured at a railroad crossing cannot recover unless he show the railroad company was negligent, and such negligence contributed to the injury.

4. IBID.—IBID.—One injured at a railroad crossing where statutory signals were not given is entitled to recover unless he was guilty of "gross or wilful negligence" which contributed to the injury as a proximate cause.

5. INSPECTION OF LOCUS.—A trial Judge has the right to inspect the locus with the jury, but if he should inspect it alone counsel should be notified and permitted to argue the testimony as understood by the inspection on motion for new trial.

6. MOTION TO MAKE DEFINITE.—An objection that a complaint does not state a cause of action under the statute for injury at a crossing from failure to give signals, should be taken by motion to make the complaint more definite and certain.

Before GAGE, J., Kershaw, October, 1908. Reversed.

Action by Stephney Lee against Northwestern R. R. Co. From judgment for plaintiff, defendant appeals. The jury were instructed as follows:

"The plaintiff and the defendant request me to charge you these propositions, and they will be the greatest part of my charge. Where I read them they may be considered charged; where I have modified them I have written the modification in pencil, and where I have refused any I have marked them refused, and shall not read them.

1. " 'If the jury find that the plaintiff was injured at the place where the public road crosses the tracks of the defendant company, caused by the neglect to give the signals, and such neglect contributed to his injuries, then the defendant is liable to him in damages therefor, unless the jury further find that the plaintiff was guilty of gross or wilful negligence or was acting in violation of law, and that such gross or wilful negligence on the part of the plaintiff contributed to the injury as a proximate cause thereof.'

2. " 'If the bell is not rung or the whistle sounded at least 500 yards from the place where the public highway crosses the railroad, and is not kept ringing or whistling until the engine shall have passed such highway, then the failure to give the signals in this prescribed way is negligence in itself; and if a person is injured at such crossing; and it appearing that such signals were not given, and nothing else appearing in the testimony, it is presumed that the injury is the result of the failure to give the statutory signals.'

3. " 'If the prescribed signals were not given, that is, if the bell was not rung or the whistle sounded 500 yards from where the railroad crosses the public highway, and was not kept ringing or whistling continuously until the locomotive passed the crossing, and plaintiff was injured at such crossing, then the plaintiff would be entitled to recover damages, unless he was guilty of gross or wilful negligence, and such gross or wilful negligence contributed to the injury, as a direct and proximate cause thereof, or unless he was guilty of a violation of the law.'

4. " 'Where a person is injured at a point where the railroad crosses a public highway, and the statutory signals are not given, the burden is on the defendant company to show that the injured person knew of the approach of the train in time to have avoided the collision.'

5. " 'A failure of the servant of the road in charge of the train to give the statutory signals when approaching the crossing is negligence *per se;* and, where a person is injured

at the crossing, "nothing else appearing in the testimony;" the presumption is that such neglect was the cause.'

6. " 'The liability of a railroad company for an injury at the crossing where it omitted to give the statutory signals does not depend on whether or not such omission was the proximate cause of the injury, as, under the statute, it is generally liable if it contributed thereto.'

7. " 'When the law speaks of an act of negligence as contributing to the injury, it means as a direct and proximate cause thereof, without which the injury would not have occurred.'

8. " 'Where the railroad company pleads contributory negligence, the burden is on the railroad to prove it.'

"Nine, ten and eleven are refused, because irrelevant.

"The defendant request these propositions, and I will make the same statement; where modified, the modification is written in pencil; and where refused, it is so marked:

1. " 'There is no law in this State'—I add: unless there be a town ordinance on the subject—'compelling a railroad company to run at a given rate of speed, or to slacken its speed at a particular place. It is a common carrier, having its duty to perform to the public, and all that is required of it is that its train of cars be run at a rate of speed consistent with ordinary care; what is ordinary care must be determined from each particular case that may arise.'

2. " 'It was the duty of the plaintiff in approaching the crossing to do all that care and prudence would dictate to avoid injury; and the greater the danger the greater the care that must be used. He should use his faculties in proportion to the danger impending.'

"(To which the Judge added:) But his action is not defeated, unless he was guilty of gross negligence or wilfulness or of a violation of law.

3. " 'The mere fact that the plaintiff may have been injured does not entitle him to a verdict against the road; to enable him to recover he must show, by the greater weight

of the evidence, that the railroad was negligent, and that such negligence contributed to the injury.'

"The 4th and 5th are refused.

"Defendant's requests 2, 3, 4 and 5 *as submitted*—2 and 3 modified as shown in charge—4 and 5 refused.

2. " 'It was the duty of the plaintiff in approaching the crossing to do all that care and prudence would dictate to avoid injury, and the greater the danger the greater the care that must be used. He should use his faculties in proportion to the danger impending.'

3. " 'The mere fact that the plaintiff may have been injured does not entitle him to a verdict against the road; to enable him to recover he must show by the greater weight of the evidence that the railroad was negligent, and that such negligence caused the injury.'

4. " 'If the plaintiff could have avoided the injury by taking ordinary care in approaching the crossing he cannot recover. It was his duty to use such care in traveling on the public highway.'

5. " 'The Court is requested not to submit the case to the jury as a case to which section 2139, vol. I of the Code has any application, for the reason that there are no proper allegations in the complaint to bring the case within this section of the statutes, the allegations being only that there was a failure to give the signals, which states no facts but only a legal conclusion, and raises no question which may be considered under that statute.'

"The major part of what I will say to you will consist of two short statutes, which I will read:

"Section 2132. 'A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded by the engineer or fireman at the distance of at least 500 yards from the place where the railroad crosses any public highway or street or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street

or traveled place; and if such engine or cars shall be at a standstill within a less distance than 100 rods of such crossing, such bell shall be rung, or such whistle sounded, for at least thirty seconds before such engine shall be moved; and shall be kept ringing or sounding until such engine shall have crossed such public highway, or street or traveled place.'

"Sec. 2139. 'If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to fine, recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury.'

"Now, these two sections are plain enough to understand without expounding them, and I am going to leave this case with you, with one further statement. The plaintiff puts his hand upon four acts which he charges against the railroad, points them out like a horse dealer would point out mules in his stable. He says: first, that they are guilty of negligence in backing its train at a rapid, reckless rate of speed; that it was guilty of negligence in backing its car through a deep cut overgrown with bushes; the third is of like import; and in failing to give the signals prescribed by the statute.

"Now, you must determine how fast that car was backing; you must determine how deep that cut was; you must determine whether or not there were bushes on the cut, and whether or not it was an act of carelessness in the railroad to allow those bushes out there at or near the crossing, if they were, so as to obstruct the view.

9—84

"Negligence is defined to be the lack of ordinary care. It ought not to be necessary to define it at all. Negligence is carelessness, and carelessness is negligence.

"Now, was the railroad company guilty of running its cars rapidly? I charge you, and I have already charged you, that there is no law requiring a railroad company to run its car fast or slow upon its track at this place.

"Was the track obscured? I charge you that was a public crossing, if there was a highway there, if the railroad crossed a highway, then the place where they crossed was public, and the public have the right to go by there, it is a place where each side had the common use of, and each must use it with reference to the rights of the other.

"Now, was that crossing obscured by a high bank or bushes on the bank so as to make it a perilous place for the public to go and come; did the railroad company know that, and ought it to have known it, and was its failure to remove the bushes, if bushes were there, or to cut down the bank, if bank was there, an act of carelessness, and did that contribute to the injury of this old man? Those are questions for the jury. In other words, if the railroad is liable at all it is liable because it failed to do something that the law put on it to do, and whether it failed to do that depends upon your view of the testimony.

"If you acquit the railroad of negligence, that ends the case. If you convict them of negligence, that it failed to do what it ought to have done, the question is: has the old man defeated his cause of action by what he did? The statute says if he was guilty of gross negligence in what he did he loses his action. Gross negligence means what those words imply. You heard the testimony, how the old man was going along. Was his conduct grossly negligent? If so it defeats his action and the law leaves them both where it finds them. Whether grossly negligent is a question for you. Now, if you find he was guilty of negligence, that ends the case, and you will find for the defendant. If you acquit him of gross negligence you will go one step further

and ask the question how much has he been damaged. It is not a matter of guessing at, gentlemen. I sometimes think that juries do guess at these things, from the verdicts sometimes rendered; but I have the right to rely upon your good and honest judgment in this matter. You would have a contempt for me if I fooled you on the law, and I ought to have a contempt for you if you fool me on the facts. I will put it that way to you. I am here trying to do my duty, and I must assume you are here trying to do yours. You do not represent either of these parties; you would not be fit to sit here if you did. I would not be fit to sit here if I took sides. Put them both behind your back and ask: where is the truth. Now, how much has the old man been injured, if he has been injured. If he has been injured he is entitled to actual damages, and that means what the language implies; you know what actual means, you know what actual is, and you know what damages is; it includes the suffering of his body, includes loss of time, includes compensation if he has been permanently injured to make a livelihood. Twelve men are able to assess it and write it down.

"Write one of two verdicts. If you find for the plaintiff, say we find for the plaintiff so many dollars, writing it out in words. If you find for the defendant, say we find for the defendant, and sign your name as foreman.

"Take the record and write your verdict upon the back of this paper."

## DEFENDANT'S EXCEPTIONS.

"Because his Honor, the Circuit Judge, committed error in the following particulars, viz. :

1. "In charging the jury 'Where a person is injured at a point where a railroad crossed a public highway and the statutory signals are not given, the burden is on the defendant company to show that the injured person knew of the approach in time to have avoided the collision,' it being submitted that his Honor should have charged, not that it was the duty of the company to show that the injured per-

son knew of the approach of the train in time to avoid the collision, but that even though the signals were not given, it was for the jury to say, from all the circumstances, whether the defendant knew of the approach of the train and could have avoided the collision, and in charging, as stated, his Honor invaded the province of the jury and undertook to say what was necessary to be done, when that was a question of fact for the jury to determine.

II. "His Honor was requested by the defendant to charge the jury as follows: 'It was the duty of the plaintiff on approaching the crossing to do all that care and prudence would dictate to avoid injury, and the greater the danger, the greater the care that must be used. He should use his faculties in proportion to the danger impending.' He so charged the jury, but added, by way of modifications, the following: 'But his action is not defeated unless he was guilty of gross negligence or wilfulness or of a violation of law,' and in so modifying this request to charge his Honor committed error in this: It was a charge upon the facts and assumed as a fact proven that the bell was not rung or that the whistle was not sounded, as required by the statute, and this was a question of fact for the jury to determine, and his Honor invaded the province of the jury in so charging, for the statute provides that in case the bell is not rung or the whistle sounded, the person injured shall be entitled to recover unless he is guilty of gross negligence or wilfulness or a violation of law.

III. "Because his Honor erred in refusing the third request to charge, which was submitted by the defendant, which was as follows: 'The mere fact that the plaintiff may have been injured does not entitle him to a verdict against the road; to enable him to recover he must show, by the greater weight of the evidence, that the railroad was negligent, and that such negligence caused the injury,' the error being that his Honor struck out the word 'caused' and inserted the words 'contributed to,' and thereby committed error of law, in that the request to charge, as submitted, con-

tained a correct principle of law and should have been so charged.

IV. "His Honor erred in refusing the fourth request to charge as submitted by the defendant, which was as follows, viz.: 'If the plaintiff could have avoided the injury by taking ordinary care in approaching the crossing, he cannot recover. It was his duty to use such care in traveling on the public highway.' This was a correct proposition of law as submitted, and it was error to refuse it. It was the duty of the plaintiff, as a matter of law, to use such care as the situation demanded, and having testified that he knew that trains were accustomed to cross the road at that point, he was bound to use ordinary care to prevent injury.

V. "His Honor states in his order granting a new trial *nisi,* that upon the testimony and upon an inspection of the locus, he agrees with the verdict of the jury . . . . and also finds in said order that the testimony of the plaintiff was false as to the nature and extent of his injuries, and that the doctor's testimony did not satisfactorily fix the injuries. Such being the findings of the presiding Judge, the defendant further excepts and appeals from the judgment upon the further grounds:

1. "That his Honor was without authority to base any conclusion upon an inspection of the locus after the trial of the case, the premises not having been inspected by the Court or jury during the progress of the case; and,

2. "Having found that the testimony of the plaintiff was false, and that the doctor did not satisfactorily fix the injuries suffered by the plaintiff, there was no basis for sustaining the verdict, and there was nothing in the testimony to support it, and the motion of the defendant for a new trial should have prevailed and a new trial unconditionally should have been granted.

VI. "Because his Honor erred in refusing to charge the fifth request of the defendant, which was as follows, viz.:
" 'The Court is requested not to submit the case to the jury as a case to which section 2139, volume I of the Code,

has any application, for the reason that there are no proper allegations in the complaint to bring the case within this section of the statutes, the allegations being only that there was a failure to give the signals, which states no facts, but only a legal conclusion, and raises no question which may be considered under that statute.' All the testimony on this point having been objected to by the defendant, it was error to refuse to so charge the jury as requested.

VII. "Because his Honor, the presiding Judge, erred in permitting the plaintiff's attorney to ask, and in permitting the witness to answer the following questions, viz.: 'Did you hear any train coming?' 'Did you ever hear the bell in passing there?' 'Say whether you heard any whistle blown?' 'Did you hear any signal that indicated the approach of the train?' and all other questions of like import, over the objection of defendant's attorney, for the reasons, first: That the complaint did not allege that any neglect to give statutory signals contributed to the injury. The error of law being in allowing neglect to give statutory signals to be introduced into evidence when the conditions upon which such neglect creates liability, (that said neglect contributed to the injury) was not alleged in the complaint, and, therefore, there could be no issue as to statutory signals. And the further error of law being in allowing under the specifications (in failing to give the statutory signals in approaching said highway against statute so made and provided), questions and answers thereto as to the ringing of the bell or blowing of the whistle, when under the facts alleged in the complaint the failure to ring the bell or blow the whistle did not amount to the omission of a statutory duty on the part of the defendant, it not having been alleged that said failure to give statutory signals contributed to the injury.

2. "That under the above named specification in said complaint (in failing to give statutory signals in approaching said highway against the statute so made and provided), no positive averment was made, and only a legal conclusion stated, and it was error of law not to treat said specifica-

tions as surplusage and allow no questions to be propounded thereunder in regard to facts not alleged.

VIII. "Because his Honor, the presiding Judge, erred in admitting all testimony as to ringing the bell or blowing the whistle, such testimony having been objected to as offered, upon the ground that no such issue was raised by the pleadings, the error of law being in admitting testimony on an issue not raised by the pleadings.

IX. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'If the jury find that the plaintiff was injured at the place where the public road crosses the tracks of the defendant company, caused by the neglect to give the signals, and such neglect contributed to his injuries, then the defendant is liable to him in damages therefor, unless the jury further find that the plaintiff was guilty of gross or wilful negligence and was acting in violation of law, and that such gross and wilful negligence on the part of the plaintiff contributed to the injury as a proximate cause thereof,' the error of law being in virtually instructing the jury to be governed by section 2139, volume 1, South Carolina Code, 1902, when plaintiff had failed to allege in his complaint that any negligent act complained of contributed to the injury or allege facts bringing this action within the purview of said section.

X. "Because his Honor, the presiding Judge, erred in instructing the jury that only gross or wilful negligence on the part of the plaintiff, or violation of law, contributing to the injury as a proximate cause thereof would defeat plaintiff's right of recovery, the error of law being in applying a statutory rule of conduct to plaintiff when the necessary facts to be pleaded in order to bring this action under this statute and make said statute applicable thereto, were omitted in the complaint.

XI. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'Now, how much has the old man been injured, if he has been injured? If he has been injured he is entitled to actual damages   .   .   .'   The

error of law being in taking away from the consideration of the jury whether or not defendant was negligent, and making plaintiff's recovery of actual damages solely dependent upon whether or not he was injured without qualification or reservation, thereby ignoring defendant's plea of contributory negligence, and deciding every issue in the case for the jury, except as to whether or not plaintiff was injured."

*Messrs. R. O. Purdy* and *Clark & Von Tresckow,* for appellant, cite: *Modification of requests as to crossing liability is a charge on the facts:* 61 S. C., 281; 63 S. C., 282; 81 S. C., 329; 47 S. C., 511; 15 S. C., 392. *One approaching a crossing must use ordinary care:* 5 S. C., 224; 63 S. C., 282; 67 S. C., 347; 58 S. C., 491; 72 S. C., 389; 76 S. C., 368; 78 S. C., 374; 59 S. C., 100; 21 Ency., 481. *Pleadings do not warrant evidence as to signals:* 65 S. C., 217; 59 Conn., 217; 93 Ill., 180; 35 Ind., 370; 12 Ency. P. & P., 1024, 1028, 1031; 27 S. C., 150.

*Messrs. DePass & DePass,* contra, cite: *Plaintiff can recover under the statute unless guilty of gross negligence:* 58 S. C., 230. *Signals not being given, burden is on company to show plaintiff knew train was approaching:* 63 S. C., 285; 58 S. C., 28.

November 3, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was an action for damages for injuries sustained by plaintiff by collision with defendant's cars at a highway crossing.

In the first paragraph of the complaint it is alleged that while plaintiff was attempting to cross defendant's track, "without any warning whatsoever the defendant * * * at a rapid and reckless rate of speed, running its cars backwards, ran into and collided with plaintiff," etc. The fourth specification of negligence is alleged in the third paragraph

as follows: "In failing to give the statutory signals in approaching said highway, against the statutes so made and provided."

The answer was a general denial and plea of contributory negligence.

The jury found for the plaintiff $3,500. His Honor granted a new trial, unless plaintiff would remit one-half the verdict. This was done, and judgment entered for the balance. In his order granting a new trial, *nisi,* his Honor stated that his refusal of the motion for a new trial absolute was based "upon the testimony and an inspection of the locus." With regard to defendant's objection to testimony tending to prove a failure to ring the bell or blow the whistle, under the fourth specification of negligence, his Honor stated that "defendant was not prejudiced thereby, for it had full testimony on the issue and against the testimony of plaintiff," and the "case" so shows.

The charge and the exceptions will be reported.

The first exception cannot be sustained, because when it appears that an injury occurred at a crossing, and that the statutory signals were not given, there arises a presumption that the failure to give the signals, which is negligence *per se,* contributed to the injury. *Strother* v. *Ry.,* 47 S. C., 375, 25 S. E., 272. Therefore, if nothing further appeared, the plaintiff would be entitled to a verdict. And to prevent that result the defendant may show that, notwithstanding the failure to give the signals, the plaintiff knew of the approach of the train in time to avoid the collision, for the object of requiring the signals is to give notice of the approach of the train. *Edwards* v. *Ry.,* 63 S. C., 271, 41 S. E., 458; *Bishop* v. *Ry.,* 63 S. C., 532, 41 S. E., 808; *Nohrden* v. *Ry.,* 59 S. C., 99, 37 S. E., 228. The portion of the charge excepted to contains nothing but a proposition of law. We see nothing in it which justifies the complaint that it was a charge on the facts.

An action for injuries at a highway crossing generally presents a two-fold aspect: 1. As an action at common law; and, 2, as an action under the statute, or, at least, as the principles of the common law, which would otherwise be applicable, may be modified by the provisions of the statute. To get the advantage of the statutory modifications of the principles of the common law applicable to such an action, the plaintiff must prove a failure to give the signals required by the statutes at such crossings; and when the fact whether the signals were given is in dispute, the case must be viewed in its two-fold aspect. Hence, it becomes necessary for the trial Judge to charge the law applicable in either view which the jury may take of the facts, for there are certain principles which are applicable, when the case is viewed wholly in its common law aspect, which are not applicable when the facts bring the case within the provisions of the statutes. In this case his Honor seems to have overlooked this distinction.

Under the principles above announced his Honor erred in modifying the defendant's second request, set out in the second exception (*Edwards* v. *Ry., supra*), because the modification limited the scope of the action to one under the statute, and assumed that the statutory signals had not been given, which was a disputed fact.

The third exception cannot be sustained. The defendant's third request was: "The mere fact that the plaintiff may have been injured does not entitle him to a verdict against the road; to enable him to recover he must show, by the greater weight of the evidence, that the railroad was negligent, and that such negligence caused the injury." His Honor struck out the word "caused" and substituted for it the words "contributed to." This charge made the language of the request conform to the language of the statute. It would have been error if his Honor had not already charged the jury the plaintiff's seventh request, to wit: "When the law speaks of an act of negligence as contributing to the injury, it means as a direct

and proximate cause thereof, without which the injury would not have occurred." This Court has held that "when the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof." *Bowen* v. *Ry.*, 58 S. C., 228, 36 S. E., 590; *Burns* v. *Ry.*, 65 S. C., 234, 43 S. E., 679; *Duncan* v. *Greenville*, 73 S. C., 254, 53 S. E., 367; *Turbyfill* v. *Ry.*, 83 S. C., 325.

There was no error in refusing defendant's fourth request. The proposition was too broadly stated. It assumed that the statutory signals were given; for, if they were not, the plaintiff was entitled to recover, unless he was guilty of "gross or wilful negligence." Moreover, the proposition was faulty in failing to add that the want of care on the part of the plaintiff must have contributed to the injury as the proximate cause thereof.

The fifth exception cannot be sustained, because it does not appear in the "case" that the Judge inspected the place of the accident after the trial. For aught that appears in the "case," his inspection may have been made during the trial and along with the jury. He had the right, under the statute, to send the jury to inspect the place, and, of course, the right to go with them. We are bound to assume that the motion for a new trial on the minutes was heard only upon the testimony properly before the Court, unless the contrary is made to appear in the "case." It certainly should have been so heard, and the decision based thereupon. It may be that the trial Judge would have the right, in such a case, to view the locus, in order that he might properly understand and apply the oral testimony descriptive of it; but, in that event, counsel should be notified and allowed to argue the testimony, so understood and applied, before the decision of the motion. 29 Cyc., 1008. His Honor does state that his refusal of the motion was based "upon the testimony and upon the inspection of the locus," but he does not say when, or under what circumstances, that inspection was made.

The second subdivision of the fifth exception cannot be sustained. His Honor did not say, as alleged, that the testimony of the plaintiff was false. He said only that his "confidence in his integrity was sorely shaken by the testimony," and that the testimony of impartial witnesses left no doubt in his mind as to the falsity of plaintiff's testimony, that he was knocked senseless and remained so for some minutes; and that the doctor's testimony did not satisfactorily fix the plaintiff's injuries. But there was testimony that the plaintiff was injured, and as to the extent of his injuries, and, in such cases, this Court cannot review the conclusions of the Circuit Judge.

The next question is whether there was error in refusing the defendant's request, not to submit the case to the jury as one under the statute, on the ground that the allegation of the complaint was insufficient to bring the case under the statute. Such an objection to the complaint should have been taken by a motion to make more definite and certain. The allegation of the complaint is that the plaintiff's injuries were "caused" by the negligence of the defendant, in failing to give the statutory signals in approaching said highway, against the statute so made and provided. The allegation of failure to give signals is an allegation of fact. What the statutory signals are is a question of law, which the defendant is conclusively presumed to know. The contention that the failure to allege that the neglect to give the statutory signals "contributed to" plaintiff's injury cannot be sustained. The defendant contended, under its third exception, that his Honor erred in substituting the words "contributed to" for the word "caused." Now, it contends that plaintiff's attorneys erred in using the word "caused," when they should have used the words "contributed to." These contentions are both inconsistent and untenable.

It will be seen, from a consideration of the whole charge, that the eleventh exception is unfounded. The jury had been instructed several times that it must appear that

defendant was negligent, and that its negligence caused plaintiff's injuries, and also as to the character of negligence, on the part of plaintiff, which would defeat recovery.

Judgment reversed.