## 8485

### CABLE PIANO CO. v. SOUTHERN RY.

1. RAILROADS—CROSSINGS—NEGLIGENCE—ISSUES—LOOKOUT.—One failing to observe the slightest care for his own safety and that of property in his custody in looking for approaching trains when driving upon a crossing is guilty of gross negligence. The evidence in this case warrants no other inference than that the failure of the driver to lookout was the sole cause of the accident or at least a proximate contributing cause, and verdict should have been directed for defendant.
   MR. JUSTICE FRASER *dissents.*

2. EVIDENCE.—Where testimony comes out without objection and immediately a motion was made to strike it out, the Judge permitting it to remain in until counsel could look up the authorities, but the motion not being renewed until after argument, when at the suggestion of the Judge it is argued and the evidence stricken out, and the jury instructed not to consider it, the Judge has done all he could to relieve the case of any possible mischief that may have occurred by its being brought out.

3. IBID.—What should be considered in passing on the question of granting a new trial because irrelevant or incompetent testimony has been brought out.

4. RAILROADS—CROSSINGS—WORDS AND PHRASES.—"Contributed," used in the crossing statutes, means contributing as a direct and proximate cause thereof. *Wragge* v. *R. R.*, 47 S. C. 105, and *Strother* v. *R. R.*, 47 S. C. 375, *overruled on this point. Lawson* v. *Ry.*, 91 S. C. 201, *criticised.*

MR. JUSTICE FRASER *dissents.*

Before SEASE, J., Abbeville, March term, 1912. Reversed.

Action by Cable Piano Company against Southern Railway Company. Defendant appeals.

*Mr. J. Moore Mars,* for appellant, cites: *Evidence as to settlement should have been excluded before argument on it:* 1 Elliott 240; 50 S. E. 478; 75 S. E. 541. *Contributory negligence of plaintiff relieves defendant:* 53 Am. R. 619; 62 S. E. 206; 41 S. E. 464. *Meaning of gross negligence:* 18 S. E. 178; 80 Am. St. R. 158; 29 Cyc. 423.

*Mr. Wm. N. Graydon* cites: *An objection stating no ground is bad:* 53 S. C. 77; 87 S. C. 331; 90 S. C. 513; 91 S. C. 507. *Bringing out evidence of cross-examination cures error in bringing it out on direct examination:* 53 S. C. 246; 92 S. C. 33; 74 S. C. 102. *Only gross negligence will defeat a recovery:* 91 S. C. 201. *Meaning of gross negligence:* 63 S. C. 370. *Definition of the term "contributed" in the crossing statute:* 47 S. C. 105, 375.

March 27, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from a judgment recovered by plaintiff against defendant for damages to plaintiff's property, caused by collision with defendant's engine and cars on a highway crossing. Will Rucker, a negro youth about twenty years of age, was driving plaintiff's team, drawing a covered piano wagon along a highway which ran close to and parallel with

the railroad for three-quarters of a mile or more, and then turned abruptly across the track, the distance from the turn in the highway to the crossing being from twenty to thirty feet.   He testified that, on account of the cover of the wagon, he could not see the train which was approaching from his rear, without "hanging out" of the wagon, and that he could not hear it because of the rumbling noise made by the wagon.   At first, he testified that he looked but saw no train, but on cross-examination, he admitted that if he had looked, he would have seen it.   About the time the team began to make the turn for the crossing, the engineer began blowing the danger signal, and he testified that, as soon as he came to the conclusion that the team was not going to stop, he put on the emergency brakes and did everything in his power to stop the train in time to prevent the collision. There is no evidence from which a reasonable inference that he did not do so is warranted.   As there was nothing to indicate that the driver of the team was not in possession of his faculties, the engineer had a right to assume that he would exercise them, and not drive upon the track in front of the approaching train.   According to the undisputed evidence, the track is straight and the view is unobstructed for at least three-quarters of a mile in both directions from the crossing.   It necessarily follows that, if the driver had looked, before going upon the crossing, he would have seen the train in time to prevent the collision.   The law imposes upon every capable person the duty of observing due care for his own safety, when about to cross a railroad track, which necessarily involves the exercise of his senses.   And, while it is ordinarily a question of fact for the jury to say whether, under the circumstances of the particular case, the traveler did exercise such care, when the facts are undisputed and susceptible of only one inference, it becomes a question of law for the Court.   *Zeigler* v. *R. Co.,* 5 S. C. 221; *Edwards* v. *Ry.,* 63 S. C. 271, 41 S. E. 458; *Bamberg* v. *Ry.,* 72 S. C. 389, 51 S. E. 988; *Osteen* v. *Ry.,* 76 S. C. 378, 57 S. E. 196;

*Drawdy* v. *Ry.,* 78 S. C. 379, 58 S. E. 980; *Griskell* v. *Ry.,* 81 S. C. 193, 62 S. E. 205.   In this case plaintiff's driver did not observe the slightest care for his own safety, or that of the property in his custody, and the failure to observe such a slight precaution as to look for approaching trains, before driving upon the crossing, was gross negligence.   The evidence warrants no other inference than that his failure to look was the sole cause of the accident, or at least, a proximate contributing cause.   Therefore, defendant's motion to direct the verdict should have been granted.

The plaintiff's witness, Rucker, testified, before objection was made, that defendant had settled with him for personal injuries sustain by him in the same collision.   The defendant's attorney then objected,—after the witness had so testified,—and moved to strike it out as irrelevant.

The Court, being in doubt, suggested to counsel that the very point had been recently decided by the Supreme Court, and said to defendant's attorney that he would allow the evidence to remain in, and that he would hear a motion later to strike it out, when counsel could present the authorities.   The defendant's attorney did not renew the motion to strike it out; but, before charging the jury, the trial Judge himself called attention to the matter, and asked defendant's attorney if he had withdrawn his objection to the testimony. Upon his stating that he had not, after hearing argument as to its admissibility, the Court ordered it stricken out, and instructed the jury not to consider it.

The case of *Rookard* v. *Ry.,* 84 S. C. 190, 65 S. E. 1047, decides the point, and shows that the testimony was not admissible; but, as it had already come out, and before any objection was made, there was no error in allowing it to remain in, until counsel could have an opportunity to present the authorities, for all the harm that could be done by its getting to the jury had already been done.   The Court did all that could be done to undo any mischief that had been done by instructing the jury not to consider it.   We should

assume that the jury obeyed the instruction, as was their sworn duty.    If it be said that it would be very difficult, if not impossible, for jurors to rid their minds of the impression made thereon by such testimony, and that striking it from the record could not have the effect of striking it from their minds, we can only say, that is one of the misfortunes almost inevitably incident to the necessarily imperfect administration of justice by human tribunals. It certainly will not do to lay down the rule that, in every case, where incompetent or irrelevant testimony is admitted, and afterwards stricken out, with proper instructions from the Court to the jury to disregard it, a new trial must be granted.    On the other hand, it would, perhaps, be equally unsafe to say that in no such case should a new trial be granted.    The character of the testimony, the circumstances under which it was offered and admitted, the nature of the case being tried, the other testimony in the case, and, perhaps, other matters which might be suggested, should be considered by the Court in deciding whether the party against whom such testimony was admitted was so prejudiced thereby as to call for the exercise of the discretion to grant a new trial.    In such cases, much must necessarily be left to the wise discretion of the trial Judge, who is in the atmosphere of the trial, and is, therefore, most capable of correctly deciding the question; and this Court should not interfere, unless it is made to appear that the ruling was manifestly erroneous.

One other point suggested by the exceptions should be noticed in order that the bar and the Circuit bench may not be misled by the overruling of the fourth and fifth exceptions.    These exceptions assign error in charging plaintiff's sixth and seventh requests, to wit: 6th. "That if the jury find from the testimony, that the failure of the defendant to give the statutory signals, if it did fail to give them, contributed to the injury in any degree, then the defendant would be liable."    7th. "That the word

'contributed,' as used in the statute, means that it had some share or agency in producing the result, or that it helped in any way to produce the result, and if the jury should find that it did, then the plaintiff is entitled to recover." The errors assigned in charging these requests are untenable, and the exceptions should be overruled. But it must not be understood that the Court thereby impliedly approves the instruction that plaintiff was entitled to recover, if the failure to give the statutory crossing signals contributed "in any degree" to the injury, or that the word "contributed," as used in the statute, "means that it had some share or agency in producing the result, or that it helped in any way to produce the result." The law, as contained in these requests, was announced in the case of *Wragge* v. *R. Co.*, 47 S. C. 105, 25 S. E. 76, and followed in *Strother* v. *R. Co.*, 47 S. C. 375, 25 S. E. 272. But, in the subsequent case of *Bowen* v. *Ry.*, 58 S. C. 222, 36 S. E. 590, the Court said: "When the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof." Though no reference was made thereto, this announcement of the law necessarily overruled the contrary principle which had been announced in the Wragge and Strother cases. The rule announced in the Bowen case has been followed ever since. *Edwards* v. *Ry.*, 63 S. C. 271, 41 S. E. 458; *Burns* v. *Ry.*, 65 S. C. 229, 43 S. E. 679; *Duncan* v. *Greenville*, 73 S. C. 254, 53 S. E. 367; *Turbyfill* v. *Ry.*, 83 S. C. 328, 65 S. E. 278; *Lee* v. *R. Co.*, 84 S. C. 138, 65 S. E. 1031.

It appears from the arguments of counsel in this case, that the attorneys on both sides, and, perhaps, also, the Circuit Judge, were laboring under the impression that the case of *Lawson* v. *Ry.*, 91 S. C. 201, 74 S. E. 473, overruled the principle above quoted from the Bowen case, and re-established the principle announced in the Wragge case. If such were the fact, they were in error. Neither the Bowen case, nor any of the cases following it, nor the Edwards case, 63 S. C. 271, 41 S. E. 458, has been overruled, for, by reference

to the report of the Lawson case, it will be seen that all of the Justices who participated in the decision concurred only "in the result," which means that they concurred only in the judgment granting a new trial, and that they did not concur in the reasoning, or at least, in some part of it, which led to that result.   Hence, the opinion in that case stands only as the opinion of the learned Justice who wrote it, and is not itself authority upon any point discussed therein.

It is merely to prevent any further misconception of the effect of the judgment in the Lawson case that this explanation is made.

The judgment is reversed.


MR. JUSTICE FRASER. *dissenting.*   I can not concur in the opinion of the majority of this Court.   Contributory negligence is a defense and a question of fact.   To say that no other reasonable conclusion can be drawn is to pass on the facts, unless this Court intends to find that the fact finding department of the Circuit Court has acted with gross impropriety.   This involves necessarily the Circuit Judge who could have granted a new trial on the facts.   I am sure this Court does not intend to reflect on the jury or the Circuit Judge.   No evidence is a question of law.   A "conclusion" is a question of fact.   This is a law case, and, under the Constitution, this Court has no jurisdiction of the facts.

In this case there was a conflict of testimony as to whether the signals were given or no.   What conclusion I may draw from the printed testimony is immaterial.   The jury saw the witnesses and had the advantage.   Besides, it is their province, not mine.   There is testimony from which it might be inferred that the driver was asleep.   Did the driver know that his road had a place of great danger on it and in gross and wilful disregard of his danger deliberately compose himself for sleep, or was he overcome by weakness and fell asleep unwittingly.   There are many men who go to sleep

at very inopportune times and places, very much against their will, and to their great mortification. Which was it? Were the signals given? If not, was the agent of the plaintiff guilty of gross and wilful negligence? These were questions for the jury. They were questions of fact, and, in my judgment, were not within the jurisdiction of this Court.

As to that portion of the opinion of the majority that construes the Lawson case, I must dissent. The words "proximate cause" are not in the statute, and I still think this Court has no right to add them. Until learned counsel cease to request and learned Judges to charge that the "proximate cause" is the "next cause," confusion in the minds of the profession and the nonprofessional juror can not be avoided.

Records before this Court show that just that thing is done.

For these reasons I dissent.