## 10053

### GIBSON v. ATLANTIC COAST LINE R. CO.

#### (96 S. E. 519.)

1. RAILROADS — CROSSING — CONTRIBUTORY NEGLIGENCE. — Where it appeared that an automobilist would have run into the side of a train through his own fault regardless of whether there were gates or a watchman at a crossing, he cannot recover, even though the railroad was negligent in not having a watchman or gates.

2. APPEAL AND ERROR—HARMLESS ERROR.—Where it appeared that plaintiff would have run into the side of a train at a crossing regardless of whether there was a watchman or gates, any ruling of Judge in excluding evidence, or otherwise, concerning watchman or gates was not prejudicial to plaintiff.

Before SPAIN, J., Marlboro, Fall term, 1917.    Affirmed

Action by W. S. Gibson against the Atlantic Coast Line Railroad Company.    From an order of nonsuit, plaintiff appeals.

*Messrs. A. L. Hamer* and *Jennings K. Owens,* for appel-lant.    *Mr. Owens* cites: *As to punitive damages:* 81 S. C. 340; 84 S. C. 539; 83 S. C. 354; 33 Cyc. 931-2.    *As to neg-ligence per se in operating a train through a town in viola-tion of a town ordinance:* 83 S. C. 354; 144 U. S. 434. *Contributory negligence is not a defense and cannot prevail in the presence of gross negligence or wilfulness on the part of the defendant company:* 89 S. C. 97; 99 S. C. 284.

*Mr. D. D. McColl,* for respondent, submits: *That plain-tiff's injury was due to his own gross negligence:* 34 S. C. 444; 78 S. C.—; 81 S. C. 196; 94 S. C. 145.

July 20, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of nonsuit granted by his Honor, Judge Spain, at the Fall term of Court, 1917, for Marlboro county.

The exceptions, seven in number, allege error.    We will not consider them *seriatim,* as in our view of the case neither the exclusion of the evidence complained of or any other error of his Honor (if any) was prejudicial to the plaintiff, as the evidence in the case admits of no other inference than that neither a watchman nor gates at the crossing could have prevented the plaintiff from running into the train.    The sole proximate cause of plain-tiff's injury was his lack of care and his failure to observe the ordinary precaution in crossing the railroad track.    The plaintiff saw the train crossing and actually occupying the track.    His own reckless conduct was the direct and proxi-

mate cause of his injury.    He saw the train when he was at least 150 feet from it.    He did not stop, although he could have done so, and made no effort to stop it.    He thought by timing his movements and still running his automobile the train would pass over the crossing before he reached it. He had defective lights on his car.    The only inference that can be drawn from the evidence is that not the failure to have gates or a watchman at the crossing or the high rate of speed of the train, but the careless, reckless conduct of the plaintiff, was the cause of his injury.    The plaintiff can have no recovery under the facts of the case and under *Barber v. Railroad Co.,* 34 S. C. 444, 13 S. E. 630; *Cable Piano Co. v. Railroad,* 94 S. C. 145, 77 S. E. 868.

Exceptions overruled.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.

MR. JUSTICE FRASER, *dissenting*.    I cannot concur in the opinion of the majority of this Court.    There was evidence offered, and I think, should have been allowed, that the crossing was not only dangerous, but so much so that the grand jury had more than once made presentment of it; that the defendant had neglected to remedy the defect; that on the night of the accident the plaintiff was traveling along a public street, and, while he did see the engine that was backing, he did not see the train until it was too late to stop; that a flat car was between the engine and the box car into which the plaintiff ran his car.    As I read the record, the plaintiff did have lights on his car.    The lights were defective, but there was evidence that there were lights on the plaintiff's car.    If the plaintiff had struck the engine that he saw, the nonsuit would, in my judgment, have been proper.    He struck the box car, which, according to the plaintiff's statement, he did not see, and a reasonable explanation is given for his failure to see it.    For these reasons, I dissent.