13412

ROBERTS v. ATLANTIC COAST LINE R. CO.

(164 S. E., 174)

*Messrs. McKay* and *Manning,* for respondent,

*Messrs. Wallace & Adams* and *Miss Tressie J. Pierce,* for appellant,

May 17, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

Plaintiff brought her action in the County Court of Richland County against Atlantic Coast Line Railroad Company, Southern Railway Company, and Columbia Union Station Company, to recover damages for injuries which she alleges she sustained at a railway crossing. At the trial voluntary nonsuits were taken as to Southern Railway Company and Union Station Company. At the close of plaintiff's testimony, the defendant, Atlantic Coast Line Railroad Company, made a motion for a nonsuit on the grounds:

"1. That there is no testimony in the record to connect any train of the Atlantic Coast Line Railroad Company with the collision.

"2. That the plaintiff's testimony shows absolute guiltiness of negligence which was contributory negligence and willfulness and gross contributory negligence; negligence and willfulnes son the part of the plaintiff in that she, knowing the schedule of trains at that point and knowing the location of the track, knowing that, as she puts it, taking it in the strongest light for her, that another train was moving and making a noise right beside her, yet even without the slightest care she admits that she did not look at all, she stepped upon the track. There was a complete absence of care which under the circumstances was not only simple contributory negligence, but was negligence of the very grossest kind. It was willful and negligent, and as we see it, debars her from recovery."

The motion was overruled. At the close of all the testimony, defendant moved for the direction of verdict upon practically the same grounds as those upon which the motion for nonsuit was based, and the additional ground that

the train "was crossing the crossing at that time in a proper manner so far as lights were concerned. The testimony is uncontradicted that the speed of the train was proper and that the lights were proper."

The motion was granted, and the appeal is from that order and the judgment entered thereon.

It is alleged that the collision occurred at the point where the railroad track crosses Tobacco Street in the City of Columbia. It is about two blocks from the Union Station. Paralleling the track of the Atlantic Coast Line Railroad Company at this point is a track of the Southern Railway Company. There is evidence that at the time plaintiff alleges she was injured a freight train was passing on this track; that plaintiff was going to the Union Station to take a bus to carry her to her work at the Duck Mills; that she had to cross this track which was some 15 to 30 feet east of the Coast Line track; that it was foggy, and the freight train had left smoke which hung low; that the collision occurred between 5:30 and 6 a. m. the 3d day of February. Plaintiff's testimony regarding the actual collision with the train was somewhat contradictory. There was contradictory testimony as to whether the statutory crossing signals were given. The trial Judge appears to have based his order directing verdict for respondent upon the ground that it was undisputed that the headlight was burning which must have given plaintiff warning of the approach of the train. He appears to have concluded that, because the headlight was burning, it was immaterial whether the crossing signals were or were not given; that the case came within the rule laid in *Cable Piano Co. v. Railway,* 94 S. C., 143, 77 S. E., 868, and that line of cases. We cannot concur in that view of the case. We think it is more in accord with the case of *Stabler v. Southern Railway Co.,* 160 S. C., 191, 158 S. E., 267, where it was said: "While the Legislature has commanded a traveler on a highway to bring his vehicle to a full and complete stop * * * before entering or crossing any

express highway in the State Highway System  \* \* \* it has never seen fit to command that travelers either stop, look, or listen before entering upon or crossing a railroad track. The duty so to do is not absolute; whether a failure so to do is reckless gross negligence or willful misconduct depends upon the then surrounding circumstances and the state of the traveler's mind."

In the present case, there was testimony as to "the then surrounding circumstances" which made it essentially a question for the jury whether plaintiff was guilty of such gross negligence as would bar her of recovery. As the case must go back for trial, we refrain from discussing the evidence.

The judgment of the Court below is reversed, and the case remanded to that Court for trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.