8149

### JOYNER v. ATLANTIC COAST LINE R. R. CO.

CHARGE.—The Judge has the right to charge the law of a case in his own language, and where he fully discharges this duty he is not required to charge abstract propositions or sound propositions of law applicable. Even if it were error for the Judge to say the requests were on the facts it was not prejudicial, as he virtually charged all of them, leaving the facts to the jury.

Before MEMMINGER, J., Berkeley, March term, 1911. Affirmed.

Action by M. Joyner against Atlantic Coast Line Railroad Company. The charge on Circuit is:

"This case presents for you gentlemen a very plain and simple issue, which you have to solve on the facts which are entirely for your determination.

"The business of the Court is to charge you the principles of law by which you are to be governed in considering the case.

"In this case there are but one or two principles of law involved, and they are easily explained.

"The charge brought by Mr. Joyner against the railroad is that the railroad negligently killed his horse. That they failed to exercise due care and that they brought about the death of his horse and that they are responsible for the value of the horse, which he alleges is a hundred and fifty dollars.

"The law requires of the railroad company toward the horse the exercise of due care. To do that which a reasonably prudent and careful person would have done, and not to do that which a reasonably prudent and careful person would not have done, and it is all for you to say whether they have exercised due care, under all the facts in this case, toward the horse.

"If they have failed, if the evidence satisfies you by the greater weight that something should have been done, in the exercise of due care by a railroad company, which would have avoided the injury to the horse, then they have failed in the duty which the law imposes on them, and the law gives you this rule by which you are to be governed. Where the killing of the stock has been proved to have been done by the railroad company, where it has been proved that the killing was the result of a collision with a railroad train, then the law raises the presumption that the killing was caused by the negligence of the railroad company, and that presumption exists until it is overcome by evidence showing that they did exercise due care.

"If you have the killing of the stock by the railroad company and nothing more, that would fix the blame of the killing on the railroad company. If you have all the testimony, then you are to decide whether the railroad company has exercised due care.

"If you decide that the railroad company has failed to exercise due care, and that they ought to pay for the stock, then the question is how much are they to pay, and you go on and take the testimony and fix the value of the stock, not to exceed the hundred and fifty dollars asked for.

"You say either 'We find for the defendant' if the plaintiff has not made out his case, 'We find for the defendant,' or if you decide that Mr. Joyner has made out his case by the greater weight of the testimony, and is entitled to recover, then you will say, 'We find for the plaintiff so much money,' writing out the amount in words and not in figures, not to exceed a hundred and fifty dollars. That is the whole case, gentlemen, and it is for you to decide. Either 'We find for the plaintiff so much money,' or 'We find for the defendant.' You sign your name at the bottom of this blue paper with the word foreman, and the date. I will give you the one marked 'Original.' This other paper is the answer of the defendant railroad company. They come in and

deny that they are responsible for the death of the horse, that is what is called the answer.

"Mr. Cohen: About the requests to charge, your Honor.

"His Honor: They are all on the facts, but I have no objection to reading them.

*First.* "If the train was running at a lawful rate, and had the customary appliances, and force of train men, and the stock, seen by the engineer, or might with due care have been seen, was so close that the train could not be stopped in time to avoid striking it, then the plaintiff can not recover.

"That is correct as applied to the case in which it was affirmed by our Supreme Court, but it is a question of fact for you to decide in this case, whether by the stopping of the train they could have avoided the injury, or whether by the exercise of. due care they could have avoided the injury to the horse.

*Second.* "To excuse the company, on the ground that the killing was accidental, it is not enough to show that it was not intentional, it must be shown to have occurred unavoidably and without the least fault on the part of the engineer.

"That is correct.

*Third.* "The jury must find for the plaintiff, unless the company by proof of the particular manner or circumstances under which the cattle were killed, rebut the presumption of negligence.

"That is correct.

*Fourth.* "The presumption of negligence is not rebutted by the mere production of evidence on the part of the company, unless such evidence is sufficient to rebut this presumption, by making out affirmatively a case of accident. But if it is sufficient to rebut this presumption, the plaintiff can not recover and your verdict must be for the defendant.

"I charge you that those are all matters of fact for you gentlemen to settle in the light of the principles of law that you have been charged.

*Fifth.* "If the defendant's evidence overthrows the *prima facie,* and makes out affirmatively a case of accident, the presumption is gone, and the plaintiff must fail.

"That is correct as an abstract proposition, and the facts are all for you to decide in this case. That case which this was cited from was decided long before the Constitution of 1895, which prohibited the Judge from charging a jury on the facts.

"Take the record and go out and decide the case."

Defendant appeals on following exceptions:

1. "Because the Judge erred in charging the jury as follows: 'If they have failed, if the evidence satisfies you by the greater weight that something should have been done, in the exercise of due care by a railroad company, which would have avoided the injury to the horse, then they have failed in the duty which the law imposes on them, and the law gives you this rule by which you are to be governed. Where the killing of the stock has been proved to have been done by the railroad company, where it has been proved that the killing was the result of a collision with a railroad train, then the law raises the presumption that the killing was caused by the negligence of the railroad company, and that presumption exists until it is overcome by evidence showing that they did exercise due care.'

" 'If you have the killing of the stock by the railroad company and nothing more, that would fix the blame of the killing on the railroad company. If you have all the testimony, then you are to decide whether the railroad company has exercised due care.'

"The error assigned being that the complaint in this action, having alleged that the killing was negligent, the plaintiff should have been held to a proof of facts constituting negligence, and the law which raises a presumption of negligence from the mere fact of killing did not apply in this case.

2. "Because the Judge erred in ruling upon the defendant's requests to charge, as follows: 'They are all on the facts, but I have no objection to reading them.'

"The error assigned being that the requests to charge presented by the defendant were not on the facts, but contained propositions of law applicable to the case, and the remarks of the Judge were prejudicial to the defendant, in that the jury might infer therefrom that they were not to consider the requests to charge as stating the law of the case to them.

3. "Because the Judge erred in ruling as follows, upon the defendant's first request to charge: 'That is correct as applied to the case in which it was affirmed by our Supreme Court, but it is a question of fact for you to decide in this case, whether by the stopping of the train they could have avoided the injury, or whether by the exercise of due care they could have avoided the injury to the horse.'

"The error assigned being that such request did not embody a question of fact, but stated a proposition of law applicable to the case.

4. "Because the Judge erred in ruling upon defendant's fourth request to charge as follows: 'I charge you that those are all matters of fact for you gentlemen to settle in the light of the principles of law that you have been charged.'

"The error assigned being that the proposition of law requested by the defendant, did not embody a charge upon the facts, but was a statement of law applicable to the case...

5. "Because the Judge erred in ruling upon the defendant's fifth request to charge as follows: 'That is correct as an abstract proposition, and the facts are all for you to decide in this case. That case which this was cited from was decided long before the Constitution of 1895, which prohibited the Judge from charging a jury on the facts.'

"The error assigned being that the proposition requested by the defendant, was not an abstract proposition, but was

applicable to the case, and was also a charge not upon the facts, but a statement of the proposition of law."

Messrs. Simon Hyde and Octavus Cohen, for appellant, cite: Rule in Danner's case does not apply: 62 S. C. 322. This presumption must be rebutted: 24 S. C. 132; 3C S C. 166; 26 S. C. 49.

Messrs. E. J. Dennis and W. A. Holman, contra, cite: Presumption of negligence arises on proof of killing of stock: 82 S. C. 252.

March 25, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.  This action was brought to recover damages for the alleged wrongful killing of stock, the property of plaintiff.   The allegation of the complaint was the plaintiff owned and was in possession of a horse which casually and without the fault of the plaintiff strayed on the track of the defendant, and that the defendant by its agents and servants, not regarding its duty in that respect, so carelessly ran and managed a locomotive that the same ran against the horse and killed it.

The defendant interposed a general denial, and a further plea that the injury to the horse was due to the sole negligence of the plaintiff, and in a separate defense pleaded contributory negligence.   Upon the trial of the case a verdict was rendered for the plaintiff.

Defendant appeals, and by five exceptions questions the correctness of the Judge's charge, and refusal to charge requests as asked for by the defendant.   Let the Judge's charge and defendant's request to charge together with the Judge's remarks thereon, and defendant's exceptions be set out in the report of the case.

As to the exceptions Nos. 1, 2, and 3 of defendant's request to charge, we think they were taken under a misap-

prehension, for we find the following at the close of his
Honor's charge: "Mr. Cohen: About the request to charge,
your Honor.   His Honor: They are all on the facts, but I
have no objection to reading them.   He then read them and
after reading them said, 'that is correct, as applied to the
case in which it was affirmed by our Supreme Court; but it
is a question of fact for you to decide in this case, whether
by the stopping of the train they could have avoided the
injury, or whether by the exercise of due care they could
have avoided the injury to the horse."   After reading over
the 2d and 3d request he said, "That is correct."

After reading the 4th request he instructed the jury that
all matters of fact were for them to settle by the principles
of law laid down as they had been charged.   By reference
to his charge it will be seen that he had in his own language
fully instructed the jury as to the law in the case, and sub-
sequently charged the first and fourth requests of defendant,
and explicitly charged the 2d and 3d requests of defend-
ant.

As to the 5th request, he charged it as correct.   It is true
he said, "that is true as an abstract proposition," but he left
the facts for the jury to decide.

An examination of the Judge's charge as a whole will
show that he fully charged the jury as to the law applicable
to the case and left the facts to them.   It is the duty of the
Court to declare the law of the case and he has a right to
do so in his own language, and when he fully discharges this
duty he is not compelled to charge any abstract questions of
law, or even sound propositions of law, applicable to the
case if he has already covered the ground.   Even if the
Judge erred in saying the requests presented were on the
facts, and not a proposition of law, it was not prejudicial, as
he virtually charged them all, leaving the facts for the jury.
We think there was no error on part of the Circuit Judge.

The exceptions are technical, wanting in merit, and defendant was in no manner prejudiced by remarks of Circuit Judge. Exceptions overruled.

Judgment affirmed.