8361

HENRY v. SOUTHERN RY.

1. MENTAL ANGUISH.—Damages should not be allowed for mental anguish in the absence of bodily suffering except under a special statute.

2. EVIDENCE.—The Court is under no obligation to admit evidence in support of an irrelevant or immaterial allegation permitted to remain in a pleading.

3. EXPERT EVIDENCE.—A nonexpert witness should not give an opinion unless he details facts to base it on.

4. CHARGE.—The Court may change the language of requests to conform to his view of the language he should employ in conveying his idea of the law to the jury.

5. WATERS—NEGLIGENCE—WILFULNESS.—Where one rents a pasture through which runs a stream on which a dam and a cotton mill is maintained at the time, he has sufficient notice to put him on inquiry of the right of the parties to maintain them, and he can only recover damages resulting to the use of such of the pasture from negligent construction or maintenance or wilful or wanton operation and the charge here complained of was in accordance with this principle.

6. IBID.—DAMS.—One acquiring the right to maintain a dam on a stream on lands of another may do all things necessary to its complete enjoyment, provided he does it not negligently.
7. RECORDING INSTRUMENTS.—Permission to maintain a dam on the lands of another need not necessarily be recorded.
8. REHEARING refused.

Before WILSON, J., Fairfield, —————————, 1911. Affirmed.

Action by Edward Henry against Southern Railway Company. Plaintiff appeals.

*Mr. T. M. Cathcart,* for appellant.

*Messrs. McDonald & McDonald,* contra, cite: *Damages for mental anguish are not recoverable in such case:* 28 S. C. 485. *Witness should not be required to answer an opinion question on a subject on which he is not an expert:* 90 S. C. 267. *Agreement to maintain dam need not be recorded:* 70 S. C. 528; 71 S. C. 153; 17 Ency. 698. *Defendant could do all things necessary to the enjoyment of the dam not done negligently:* 13 S. C. 99; 34 S. C. 66; 47 S. C. 464; 47 S. C. 485; 67 S. C. 181; 71 S. C. 158.

The opinion in this case was filed on October 10, but remittitur held up on petition for rehearing until

November 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by the plaintiff against the defendant for actual and exemplary damages and was tried before the Hon. John S. Wilson, presiding Judge, and a jury, at Winnsboro, South Carolina, and resulted in a verdict for defendant. It appears from the evidence and pleadings in the case, that the defendant

entered into an agreement with W. B. Creight in 1901, and
by that agreement the defendant acquired the right to erect
and maintain a dam on a stream on Creight's land for the
purpose of operating a pumping station to supply its tank
with water.    The complaint alleges that the Fairfield cotton
mills were situated on this stream, some distance above this
dam, and the refuse from the mills was discharged into this
stream.    Plaintiff was in possession of a small pasture on
this stream which he had rented from Creight (Creight hav-
ing died after making agreement with defendant, leaving
no will affecting this property and leaving as his heirs at law
a widow and four children), that plaintiff's cattle drank
from the water collected in defendant's dam.    That in 1905'
defendant raised this dam two feet and it is alleged that this
act on defendant's part caused the refuse from the factory
to be deposited in the pond, causing the water to be poisoned
and polluted and causing the death of some valuable cattle.
Plaintiff alleges that the construction and enlargement of
the dam was both wilful and negligent.    The answer was
a general denial, and at the trial the agreement of defend-
ant with Creight was introduced and defendant introduced
testimony showing the death of the cattle was caused by
Texas fever.    After verdict, defendant appeals and files
twenty-seven exceptions.    These exceptions raise practically
four points, and we will adopt the classifications as made on
argument before us as far as possible.

First, error in excluding testimony and restricting cross-
examination as raised by Exceptions 1, 2, 3, 4, 5, 6, 7 and 8.

Exception 1 cannot be sustained for the reason that dam-
ages for mental anguish in the absence of bodily
injury cannot be recovered in cases of this character,
except under special statutes.

Even though it was alleged in the complaint that
the plaintiff had suffered mental anguish the Court
was not bound to receive evidence in support of it.

In *Martin* v. *Railway*, 70 S. C. 11, 48 S. E. 616, the Court said : "That the Circuit Court has the power to exclude testimony tending to support irrelevant or immaterial allegations allowed to remain in the complaint or answer and it is not bound to receive such evidence." This is cited with approval in *Bromonia Co.* v. *Drug Co.*, 78 S. C. 485, 59 S. E. 363.

Exception 2, cannot be sustained, as his Honor ruled that a *non* expert witness could not give an opinion unless he had detailed facts to base it on. *Jones* v. *Fuller*, 19 S. C. 70; *Chemical Co.* v. *Kirven*, 57 S. C. 448; 35 S. E. 745.

Exceptions 3, 5 and 6 are overruled. His Honor was correct in ruling out the testimony. *Hand* v. *Power Co.*, 90 S. C. 267.

Exception 4 is overruled for the reason that his Honor was satisfied that the witness had shown sufficiently that he was an expert on Texas fever to express an opinion and let it go to the jury for what it was worth. In addition to this, the witness did not answer the question objected to, and only answered questions to which no objection was made.

Exception 7 is overruled. The testimony sought to be introduced was incompetent and irrelevant and was properly excluded and an examination of the record will show that plaintiff's attorney failed to attempt to carry the cross-examination of this witness any further and did not even ask him the questions which he complains he was not allowed to ask.

Exception 8 is overruled, as the testimony of the witness was not in reply to any of the testimony brought out by the defendant. The ruling of his Honor in reply to the objection was: "Correct, Mr. Cathcart, you proved that this morning and there is nothing to contradict that." Here we have the ruling of the Court to an uncontradicted fact. ·

Exceptions 9, 13, 23, allege error in his Honor's charge as to punitive damages, and Exceptions 14, 17, 19 and 20

allege error in his charge as to negligent construction of dam, etc. Exceptions 9, 10, 11, 12 in modifying plaintiff's request to charge.

A careful reading of the charge, as a whole, fails to show that his Honor committed any reversible error or that his charge was prejudicial in any way to plaintiff. He fully covered the law of the case in his own language and had the right to modify the request to charge submitted to him to conform to his ideas of the language he should use to convey his idea to the jury. *Joyner* v. *Atlantic Coast Line Railroad Company*, 91 S. C. 104.

While one of the requests to charge was modified to make it more favorable to the defendant than defendant was entitled to and somewhat in conflict with the case of *Frost* v. *Berkeley County*, 42 S. C. 409, and cases therein cited, which holds: "If the owner of the land uses it for the prosecution of a business from which injury to his neighbor's property will necessarily or probably ensue, he is liable for damages so resulting even though he may have used reasonable care in the prosecution of such business." We think, however, in view of the fact that the dam was there when plaintiff rented the land he had such notice as should have put him on inquiry as to the right of defendant, and could only recover damages upon showing that the defendant negligently constructed and maintained the dam or wilfully or wantonly operated it. The charge as a whole was in accordance with this principle.

The evidence shows that the plaintiff rented from the widow, who with four children were the heirs of Creight, who had made the agreement with the defendant to erect the dam in his lifetime. That the defendant entered the lands under this right from the owner in his lifetime. That the entry of defendant was rightful and not tortious and so long as the defendant was not negligent in the erection of the dam the plaintiff would have no cause of action for neg-

ligence. *Granger v. Telephone Co.,* 70 S. C. 528, 50 S. E. 193; *Mason v. Telephone Co.,* 71 S. C. 153, 50 S. E. 781.

As to the exemplary damages, it is said in *Gwynn v. Telegraph Co.,* 69 S. C. 444: "An act based on the belief that it was legal and done for the sole purpose of protecting actor's right will not subject actor to punitive or vindictive damages."

We have examined the record and failed to discover any evidence that would warrant a verdict for punitive damages.

The testimony shows that cotton mills and dam were both there when plaintiff leased the pasture and he had notice of the situation when he put his cattle there.

The defendant has raised the height of the dam. "Where one has an easement such as a right of way he has the right to do all things necessary for the complete enjoyment thereof, provided there is no negligence. *Mills v. Railway Co.,* 13 S. C. 99; *Leitzsey v. Power Co.,* 47 S. C. 464, 25 S. E. 744, 34 L. R. A. 215; *Jones v. R. R. Co.,* 67 S. C. 181, 45 S. E. 188; *Lampley v. R. R. Co.,* 71 S. C. 158, 50 S. E. 773.

The other exceptions raise the point that the Creight agreement should have been recorded. There is nothing in this exception and it is overruled.

We have considered all exceptions and do not think any of them should be sustained.

Judgment affirmed.

Petition for rehearing refused by formal order filed November 1, 1912.