### 8450

### KIRKLAND v. AUGUSTA-AIKEN RAILWAY AND ELECTRIC CORPORATION.

APPEAL—NEW TRIAL.—An order granting a new trial is not appealable in a case in which this Court cannot give judgment absolute for either party. In an action for negligent killing, this Court cannot grant judgment absolute for plaintiff where the Court below has set aside a verdict in his favor.

Before COPES, J., Aiken, April term, 1912. Affirmed.

Action by Ella Kirkland, administratrix of B. D. Kirkland, against Augusta-Aiken Railway and Electric Corporation. Defendant appeals.

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. B. Salley,* for appellant.

*Messrs. Croft & Croft, Geo. W. Croft* and *Claude E. Sawyer,* contra.

March 14, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This was an action by plaintiff against the defendant for actual and punitive damages for the alleged negligent and wanton killing of the plaintiff's intestate by the agents and servants of the defendant.   The case was tried by his Honor, Judge Copes, and a jury, at the April term of Court, 1912, for Aiken county, and resulted in a verdict in favor of the plaintiff for the sum of five hundred dollars, which verdict, on plaintiff's motion, was set aside by the presiding Judge on the ground of inadequacy of the damages and a new trial granted.

At the close of plaintiff's testimony, defendant made a motion for a *nonsuit* as to the claim for punitive damages on the ground that there was no evidence of wilfulness, wantonness or recklessness in the infliction of the alleged injury to plaintiff's intestate.   This motion was refused by the presiding Judge.

At the close of the whole case, defendant moved the Court to direct the jury to return a verdict for the defendant, on the ground that the evidence was capable of no other reasonable inference than that the plaintiff's intestate was guilty of contributory negligence in going upon defendant's track in an intoxicated condition and in lying down and going to sleep thereon, which negligence on his part contributed to his injury as a proximate cause thereof, and without which it would not have occurred.   This motion was refused by the Court.   In due time, defendant appealed to this Court from the rulings of the trial Judge and from the order granting the plaintiff a new trial.

The appeal alleges error on the part of the Court in refusing a *nonsuit,* as to punitive damages, and in refusing to direct a verdict for the defendant.   As this is not a case in

which judgment absolute could be rendered by this Court, an appeal from the order granting a new trial will not be entertained. *Jones* v. *Woodside Cotton Mills*, 83 S. C. 565, 65 S. E. 819, and cases therein cited.

In order to entertain an appeal from an order granting a new trial, it must be a case in which this Court could render a judgment absolute for either the plaintiff or the defendant, upon the record before the Court, and not for one of them only. In the case at bar, if the appeal could be sustained this Court could give judgment absolute for the defendant, but if not sustained could not give judgment absolute for the plaintiff.

This whole question is fully discussed in the opinion of Mr. Justice Hydrick in the case of *Daughty* v. *Northwestern Railroad Company, of South Carolina,* 92 S. C. 361, 75 S. E. 554, 555, 556, wherein he quotes the authorities bearing on this question and makes clear what the law is on this subject.

The appeal is, therefore, dismissed.