## 9078

### RITTER v. ATLANTIC COAST LINE R. R. CO.

#### (85 S. E. 51)

RAILROADS.   CROSSINGS.   WILFULNESS.   NEGLIGENCE.   EVIDENCE.   ISSUES.

1. RAILROADS—CROSSINGS—ISSUES.—Where more than one inference can reasonably be drawn from the evidence, as to whether or not decedent's death was due to the wilfulness or wantonness of the defendant, or decedent's own negligence, an issue is presented for determination by the jury.

2. NEGLIGENCE—WILFULNESS.—Where the jury has found that an injury was due to the wilful and wanton act of a defendant, the question whether the person injured was guilty of contributory negligence becomes immaterial.

3. WILFULNESS—EVIDENCE.—Where the testimony tended to show that a man killed at a railroad crossing came upon the track from the fireman's side, and that the fireman kept no lookout, as his duty required in approaching such crossing, but was engaged for 900 yards before reaching the crossing in shovelling coal, and the testimony as to whether the bell was rung or whistle sounded was contradictory, it was for the jury to determine whether or not there was a failure by the defendant to keep a proper lookout or give the statutory signals in approaching the crossing, and if there was such failure, whether or not it was wilful and wanton.

Before SEASE, J., Barnwell, March, 1914.   Affirmed.

Action by Isham F. Ritter, as administrator of the estate of Tillman Ritter, deceased, against Atlantic Coast Line Railroad Company and Joe Johnson. From a judgment for plaintiffs, defendants appeal. The facts are stated in the opinion.

*Messrs. Moss & Lide, Harley & Best* and *L. W. McLemore,* for appellants: *As to whether speed of train was negligent or wilful:* 63 S. C. 494.   *Contributory negligence:* 94 S. C. 143; 95 S. C. 253; 95 S. C. 370; 91 S. C. 546; 93 S. C. 329.   *Failure to keep lookout harmless, as engineer could presume decedent would not drive into place of apparent danger:* 57 S. C. 243; 94 S. C. 143; 98 S. C. 492; 30 Am. Rep. 54; 47 S. C. 105 and 375 distinguished.   *Proxi-*

*mate cause of injury:* 58 S. C. 222; 91 S. C. 201; 94 S. C.
143; 63 S. C. 271; 81 S. C. 193; 34 S. C. 448; 78 S. C. 374;
21 S. C. 466; 47 S. C. 375.

*Messrs. Raysor & Summers, W. H. Townsend, E. J.
Best, R. C. Holman* and *L. K. Sturkie,* for respondent.

*Mr. Townsend* cites: 91 S. C. 218; 99 S. C. 277; 93 S.
C. 551; 90 S. C. 266; 97 S. C. 72; 88 S. C. 7; 90 S. C. 311.

April 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action for actual and punitive damages
brought by the plaintiff against the defendant for the alleged
wrongful, wanton, reckless and negligent killing of the
plaintiff's intestate, Tillman Ritter, by the defendant while
attempting to cross Atlantic Coast Line Railroad on the pub-
lic road near the city of Orangeburg on March 15, 1910.
The defendants' answer denied the material allegations of
the complaint, and set up as an affirmative defense contribu-
tory negligence and gross contributory negligence and wil-
fulness under the statute.    The cause was tried before Judge
Sease and a jury and resulted in a verdict in favor of the
plaintiff for $1,000 actual and $2,000 punitive damages.
After entry of judgment defendants appeal.    Before case
was submitted to the jury the defendants moved the Court
for a direction of verdict in favor of defendants which was
refused, and after verdict was rendered defendants moved
to set aside the verdict of $2,000 for punitive damages as
there was no evidence to sustain this finding, which motion
was refused.

The defendants' exceptions raise the question that the
uncontradicted evidence shows as a matter of law that the
plaintiff's intestate's death was due to his own contributory
negligence and that there was no evidence tending to show

wantonness, or wilfulness on the part of defendants' agents or servants as the proximate cause of plaintiff's intestate's death. The evidence of plaintiff's witnesses, Williamson and Kemmerlin, afforded some evidence to carry the case to the jury, and while there was testimony to contradict or explain, from other witnesses in the case introduced by the defendants, there was more than one reasonable inference that could be drawn from it, and that was enough to submit it to the jury for their determination. *Lawson* v. *Ry. Co.*, 91 S. C. 218, 74 S. E. 473. In addition to this the jury found by their verdict there was wilfulness and wantonness on the part of railroad company, and contributory negligence is no defense to wilfulness and wantonness. As to question of wantonness and wilfulness and the verdict for punitive damages, was there any evidence to support jury's finding on this branch of the case? The evidence of the engineer in charge of defendant's train and of Johnson, the fireman on the engine at that time, shows that the fireman did not keep a lookout on the side he was on as it was his duty to do, and the deceased came from the side on which it was the fireman's duty to keep a lookout, but that the fireman was shovelling coal for about 900 yards before they reached, and as they approached the crossing, and kept no lookout. Whether the bell was rung or whistle sounded as law requires at a public crossing was in dispute as is usual in such cases as this, and was for the jury to determine. There was ample evidence in the case for the jury to determine whether there was a failure on the part of defendants to keep a lookout for travelers at the public crossing and give the statutory signals by ringing bell or sounding whistle as the train approached the crossing as required by the statute, and if there was a failure to do so then it was left to the jury to determine whether this was wilful and wanton. His Honor committed no error of law as complained of and ruling is sustained by *Woodward* v. *Ry. Co.*, 90 S. C. 266,

73 S. E. 79; *Sanders* v. *C. & W. C. Ry. Co.,* 93 S. C. 551, 77 S. E. 709; *Kirkland* v. *Ry. and Elec. Corporation,* 97 S. C. 72, 81 S. E. 306; *Folk* v. *Ry.,* 99 S. C. 277, 83 S. E. 452.

The exceptions are overruled.    Judgment affirmed.