### GREGG v. ATLANTIC COAST LINE R. CO. *ET AL.*

#### (134 S. E. 912)

1. RAILROADS.—Whether crossing signals were given from train colliding with automobile, and whether either party was guilty of negligence or gross negligence, *held* for jury.

2. RAILROADS.—Court's comments on and modifications of requested instructions on giving of crossing signals, *held* not prejudicial to railroad, in view of crossing statute.

3. TRIAL.—Refusal of instructions requested by defendant railroad affecting giving of crossing signals and willfulness or gross negligence of plaintiff, *held* not error, in view of instructions given.

4. TRIAL.—Court may modify requested instructions to conform to language he should use to convey his idea to jury.

5. TRIAL.—Refusal of abstract requested instructions, or sound instructions covered by others given, is not error.

Before DENNIS, J., Florence, November, 1923. Affirmed.

Action by W. Cicero Gregg against Atlantic Coast Line Railroad Company and others. Judgment for plaintiff, and defendants appeal.

The following are defendants' exceptions 5 to 12:

"(5) His Honor, the trial Judge, erred, it is respectfully submitted, in charging the jury in commenting on defendants' request No. 1, as follows: 'I charge you that, I go further than that, if you find that the railroad didn't give the signals required by law and that failure to give those signals contributed to the injury, that is sufficient'— the error being that he failed to state in this immediate connection that plaintiff's gross negligence or gross willfulness in going upon the track would defeat his action, even if the signals were not given, and the failure to so state may have influenced the jury to find for plaintiff.

"(6) His Honor, the trial Judge, erred, it is respectfully submitted, in refusing to charge the jury, as requested by defendants in their third request, which was as follows, to wit: 'If you should find from the testimony in this case that plaintiff's servant, the driver of the car, or other persons in the car, saw defendant's train fast approaching and attempted to cross immediately in front of same, when so to attempt to cross would be an obviously dangerous, reckless, or wanton act to a person of ordinary prudence and care, I charge you as a matter of law, that even though the acts of the defendant in failing to give the signals required by statute or otherwise, were willful, wanton, or reckless, such acts on the part of the plaintiff would constitute gross contributory negligence, recklessness, and wantonness, and if such gross contributory negligence, recklessness, and wantonness on the part of the plaintiff, combining and concurring with the willfulness, wantonness, and recklessness of defendant, was a proximate cause of the injury to plaintiff, and without which it would not have occurred, your verdict must be for the defendant'—the error being that the request contained a correct statement of the law applicable to the

case, and, if given, might have influenced the jury to find for the defendants.

"(7) His Honor, the trial Judge, erred, it is respectfully submitted, in commenting on defendants request to charge No. 5, which was as follows, to wit: 'The object of the statute in requiring signals to be given by a train approaching a crossing is to warn those about to use the crossing of the approach of a train, but if one sees or hears a train approaching, without the signals having been given, and attempts to pass over immediately in front of such train, then it cannot be said that the failure to give the required signals was the proximate cause of any injury that may have been sustained by collision with the train at such crossing'— and in using in his comments the following language, to wit: 'Of course, if the failure to give the signals, as I directed you just now, didn't prevent a party from seeing a train why you would then go further and say—well, could the failure of that company to give these signals, could it possibly contribute to the injury? You have got to find that the failure to perform the duties contributed to the injury'— the error being that these comments and the connection in which they were made, naturally and normally would have had the effect of leading the jury to understand that the mere fact that the siganls were not given, and that the failure to give them may possibly have contributed to the injury, was sufficient to entitle plaintiff to recover, regardless of his own gross negligence or gross willfulness as a contributing cause of such injury.

"(8) His Honor, the trial Judge, erred, it is respectfully submitted, in charging the jury in commenting upon defendants' request No. 9, as follows, to wit: 'The train has no more right to use the crossing than an individual has, but the train has the right of way, to this extent, that it is not required to stop for an automobile or buggy or wagon to cross. That is, between the vehicle on the dirt road and the railroad train, the vehicle is the one required to stop

and not the railroad train. To that extent it has the right of way. Otherwise, it has no more right to use that crossing than an individual. And the same thing applies as to its being a place of danger to a trainman and a traveler. It is no more so to one than the other, except that there are certain rules and laws that regulate the operation of a railroad train'—the error being that the train has a higher right on the tracks of the railroad company even at a highway crossing than a person traveling the highway, and that the comments of the trial Judge had a tendency to mislead the jury into a belief that there is no higher duty imposed upon a person using a public highway to look for an approaching train than that imposed upon the employees in charge of a train to look for an approaching person in the highway.

"(9) His Honor, the trial Judge, erred, it is respectfully submitted, in refusing to charge defendants' request No. 11, which was as follows, to wit: 'I charge you, as a matter of law, that on the question of culpability in crossing a railroad without looking and listening, the true inquiry is whether the plaintiff could, by the reasonable use of his senses in the performance of his duty to look and listen under the surrounding circumstances, have discovered the approaching train in time to avoid the accident'—the error being that this request contained an established principle of law pertinent to the issues in the case and sustained by the decisions of this Court, and defendants were entitled upon request therefor to have the jury so instructed.

"(10) His Honor, the trial Judge, erred, it is respectfully submitted, in stating to the jury, in his comments on defendants' request No. 12: 'The engine and train of cars is not required to stop at the highway crossing, but the engineer has no right to assume anything unless he has some grounds to assume that this party who is approaching has a warning'—the exception being that, under the peculiar facts and circumstances testified to on the trial of this case, such

remarks must have had the effect of indicating to the jury that this particular engineer had no right to assume that this plaintiff would not drive upon the track immediately in front of a rapidly approaching train.

"(11) His Honor, the trial Judge, erred, it is respectfully submitted, in refusing to charge defendants' request No. 16, which is as follows, to wit: 'Contributory negligence is not a defense to willfulness, but if you find from the evidence that plaintiff consciously failed to exercise due care for the safety of himself and the property in his charge, or that his negligence was so gross as to amount to recklessness or willfulness, and that the same contributed as a proximate cause of his accident and without which it would not have occurred, then your verdict must be for the defendant, even if you find from the evidence that the defendant was willful, reckless, and wanton'—the error being that it contained established principles of law pertinent to the issues in the case and sustained by the decisions of this Court, and defendants were entitled on request to have the jury so instructed.

"(12) His Honor, the trial Judge, erred, it is respectfully submitted, in refusing to charge defendants' request No. 17, which is as follows, to wit: 'I charge you that, where the issues in any case are negligence on the part of the defendant and gross contributory negligence on the part of plaintiff, you cannot compare the negligence of the two parties and then determine your verdict according to such comparison; but even though negligence be proved on the part of the plaintiff which operated as a proximate cause of the injury and without which it would not have occurred, such gross contributory negligence will defeat recovery'—the error being that it contained established principles of law pertinent to the issues in the case and sustained by the decisions of this Court, and defendants were entitled, on request, to have the jury so instructed."

*Messrs. F. L. Willcox* and *A. L. Hardee,* for appellant, cite: *Duty of traveler at crossing:* 121 S. C., 394; 120 S. C., 374; 94 S. C., 145; 72 S. C., 389; 117 S. C., 516. *Gross contributory negligence will defeat recovery:* 109 S. C., 78; 100 So., 410; 298 Fed., 381.

*Messrs. Whiting & Baker,* for respondent, cite: *Crossing accidents:* 5 S. C., 221; 29 S. C., 322; 30 S. C., 218; 58 S. C., 222; 63 S. C., 379; 117 S. C., 516; 118 S. C., 307; 117 S. E., 510; 121 S. C., 394. *Continuous signals mandatory:* 90 S. C., 262; 99 S. C., 284; 101 S. C., 8; 106 S. C., 123. *Province of jury:* 84 U. S., 657. *Charge considered as a whole:* 93 S. C., 125; 91 S. C., 104.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced April 14, 1922. The issues involve charges of joint and concurrent negligent, reckless, wanton and willful conduct by defendants, George I. Brothers and C. C. Collins, while in the service of the defendant, Atlantic Coast Line Railroad Company, and resulting injury to plaintiff as a proximate cause thereof. Defendants denied the charges made by plaintiff and, on the contrary, alleged that plaintiff's injury was due to his own negligence, gross carelessness, and willfulness, and pleaded as a bar to the action contributory negligence, contributory gross carelessness, and contributory willfulness.

This action was tried at the November, 1923, term of the Court of Common Pleas of Florence County, before his Honor, Judge E. C. Dennis, and a jury. At the conclusion of the testimony, defendant requested of the Court an order directing the jury to write a verdict in favor of defendants, on grounds hereinafter stated in detail. This motion was refused by the Court. Requests in writing for instructions to the jury were presented to the Court by defendants, and those hereinafter quoted were refused or modified. The

jury returned, on November 23, 1923, a verdict in favor of plaintiff for $15,000 actual damages against all the defendants. A motion for a new trial was argued and overruled. Judgment for this amount was in due time entered.

There are 13 exceptions, which raise three questions. First, refusal of the Judge to direct a verdict as asked for by the defendants; second, relating to modification of or comment upon of certain of the defendants requests; third, relating to the refusal of the Judge to charge certain of the defendants' requests.

The evidence was conflicting, sharply so; one side swore one way, the other side, the other way. His Honor was not called upon to decide such issues; that was the province of the jury. There was a conflict of evidence as to whether or not proper signals were given; whether either the plaintiff or defendants were guilty of negligence or gross negligence. His Honor committed no error in not directing a verdict, but properly submitted the issues to the jury for their determination.

The crossing statute has been construed in the following cases recently and the question of negligence. *Wideman v. Hines, Director General,* 117 S. C., 516, 520; 109 S. E., 123. *Wheelis v. Southern Railway Company,* 118 S. C., 307; 110 S. E., 154. *Richardson v. Northwestern Railway Company,* 124 S. C., 314; 117 S. E., 510. *Chisolm v. Railway Co.,* 121 S. C., 394; 114 S. E., 503. *Woodward v. Southern Railway Co.,* 90 S. C., 262; 73 S. E., 79. *Folk v. Seaboard Air Line Railway,* 99 S. C., 284; 83 S. E., 452. *Ritter v. Railroad Co.,* 101 S. C., 8; 85 S. E., 51. *Callison v. Charleston & W. C. Railway Co.,* 106 S. C., 123; 90 S. E., 260.

The exceptions relating to requests modified by the Judge or refused by him are overruled; taking his charge as a whole, it was clear, fully covered the law of the case, and was not prejudicial to the appellants. His Honor had the right to modify the requests submitted to

him to conform to the language he should use to convey his idea to the jury. *Henry v. Southern Railroad,* 93 S. C., 125; 75 S. E., 1018.

In *Joyner v. Atlantic Coast Line Railroad Company,* 91 S. C., 104; 74 S. E., 825, this language is used:

"An examination of the Judge's charge as a whole will show that he fully charged the jury as to the law applicable to the case and left the facts to them. It is the duty of the Court to declare the law of the case, and he has a right to do so in his own language, and, when he fully discharges this duty, he is not compelled to charge any abstract questions of law, or even sound propositions of law, applicable to the case, if he has already covered the ground."

All exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES BLEASE and STABLER concur. MR. JUSTICE COTHRAN dissents.

MR. JUSTICE COTHRAN: I do not think that there can be the slightest doubt but that exceptions 5, 6, 7, 9, 11, and 12 are well taken and should be sustained. Let them be reported.